Bostic *v.* Love.

---

## BOSTIC *v.* LOVE *et al.*

Mrs. L., defendant, when a *femme sole*, contracted a debt, upon which judgment by default was recovered against her, and an appeal taken in her name to the Supreme Court, where the judgment was affirmed.   Subsequently, judgment was obtained against plaintiff here, as surety on her appeal bond.   This judgment he paid, by giving his note in full satisfaction.   He now sues Mrs. L. for the sum so paid: *Held*, that she cannot defend on the ground that the paper on which the first suit against her was brought expressed no consideration, and that the complaint therein averred none, and that hence no demand is shown against her—the judgment of the Supreme Court, being conclusive so long as it stands, cannot be attacked collaterally on the ground that the parties to it did not prosecute the appeal, but must be set aside, if at all, by a direct proceeding impeaching it for fraud.

*Held*, further, that the complaint need not set out any separate property of the defendant, because the wife was liable *in personam* before coverture, and under our statute, continues so after marriage.

The equity rule requiring two witnesses to controvert an answer under oath, does not prevail in this State. The answer is only a pleading, and is not evidence for defendant.

*Cordier* v. *Schloss* (12 Cal. 143) cited.

Where an appeal is taken by a party, and as a condition to give it effect, a bond or undertaking, with or by sureties, is annexed—the undertaking being executed for the benefit of the appellant—the law presumes it was executed at his request, and probably no proof of that fact is requisite in a suit by the surety against the appellant, for money paid on account of the suretyship. At all events, very slight proof of such request would be required.

APPEAL from the Third District.

Mary Love, defendant, being unmarried, under the name of Mary Bennett, on the first of January, 1854, made and delivered to Messrs. Wallace & Ryland, of San José, a memorandum in writing in the following words:

" [$500.00.]

" I promise to pay to Messrs. Wallace & Ryland, or order, the sum of five hundred dollars as soon as a judgment, either in favor of the plaintiff or defendant, shall be rendered in the case of *Bennett* v. *Bird*, now pending in the county of Santa Cruz.

" MARY BENNETT.

" Witness: WINSTON BENNETT."

In May, 1854, she married Harry Love. On the fifteenth of August, 1854, Wallace & Ryland filed a complaint, based upon the foregoing memorandum, against Mary Love, styling her, in the complaint, Mary Bennett. The action was a simple action in debt; her husband was not a party to the suit. Judgment by default was taken against her for the amount sued for. The case was appealed to the Supreme Court, where the judgment was affirmed.

Harry Love, the husband, Bostic, plaintiff in this suit, and one Peleg Rust, executed the appeal bond.

Wallace & Ryland then instituted suit on the appeal bond, against the parties thereto, and recovered judgment. Bostic and Harry Love then delivered to Wallace & Ryland their promissory note for the amount of the judgment, which was accepted as a satisfaction thereof. Subsequently, Bostic made to them his sole note for the amount of the note

of Harry Love and himself, which they accepted. At the time this suit was brought by plaintiff he had paid no money on account of the appeal bond, but this note was still held by Wallace & Ryland, and was secured to W. & R. by the assignment to them by Bostic of "certain land bonds."

Upon this state of facts, Bostic filed his bill, in which he sought to subject the separate estate of Mrs. Love to the payment of the debt which he had assumed to Wallace & Ryland. No property is set out or described as her separate property, the only allegation being the general allegation that "Mary Love possessed a large amount of property, both personal and real, and which she holds as her separate estate." There is no allegation in the complaint, that her separate estate is liable for the debt, or that this debt is a charge upon it.

The answer of Mary Love is under oath, and denies "that she was on the first day of January, A. D. 1854, or at any other time indebted to the said William T. Wallace and Caius T. Ryland in the sum of five hundred dollars, or in any other sum." She further denies, "that she at any time directed or requested any appeal to be taken from the said alleged judgment, or that she ever requested the plaintiff, Bostic, to execute for or on her behalf any appeal bond in the form set out and described in the plaintiff's complaint, or in any other form."

To controvert the denial under oath, that appellant was indebted to Wallace & Ryland, plaintiff offered in evidence the judgment roll in *W. & R.* v. *Bennett.* Plaintiff had judgment. Mrs. Love appeals.

*Wm. Mathews,* for Appellant.

1. No valid demand is shown in favor of Wallace & Ryland against Mrs. Love while a *femme sole.* Her answer under oath must be controverted by two witnesses, or one witness with corroborating circumstances. (Story's Equity Jurisprudence, sec. 1528, and cases cited; 2 Fon. Eq. B. C. ch. 2, sec. 3, note *g*, and cases cited.) The instrument sued on by W. & R. does not import value. (*Peake* v. *Roberts,* 1 Burr. 323; *Glass* v. *Nelson,* Id. 226.) Nor does the judgment by default supply the place of proof. (Jacob L. Dic. verb. default.)

2. There is no proof that plaintiff signed the appeal bond at the request of Mrs. Love.

3. The complaint does not set out any property of the wife upon which the Court can act. The power of a Court of Chancery against a *femme covert* is confined to her separate property. A personal decree cannot be made against her. (Story Eq. Jurisp. sec. 1397.)

*L. Archer,* for Respondent.

1. The judgment of the Supreme Court in *Wallace & Ryland* v. *Bennett* is conclusive as to her indebtedness.  (*Soule* v. *Dawes,* 14 Cal.) Besides, the debt is proved by Wallace.

2. The chancery rule as to contradicting defendants' answer by two witnesses or their equivalent does not prevail here.

3. The proof shows plaintiff signed the bond at defendants' request.

4. A married woman, with separate property and liable for debts under California laws, has a different standing in the Courts from the same person in a Court of Chancery under the old system.   The Court has power over her *in personam,* and may render a personal judgment against her, and her separate property generally will be subject thereto, as well as the common property.  (*Van Maren and Wife* v. *Johnson and Husband,* 15 Cal.; *Alderson* v. *Bell,* 9 Id. 315.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

Bostic, the plaintiff below, having, as he alleges, paid a sum of money as surety on an appeal bond or undertaking for Mrs. Love, (late Bennett) brings this suit to recover of the female defendant from her separate estate this amount.   The original debt, from judgment on which the appeal was taken, was the separate debt of Mrs. Love, and contracted while she was a *femme sole.*

Plaintiff recovered judgment, and the defendant appeals.

The points made are : First, That no demand is shown against Mrs. Love.   This assignment rests on the fact that the paper sued on in the first case is not a promissory note but only an agreement, and no consideration is expressed in it or averred in the complaint.   But the answer is, that an appeal was taken in the name of Mrs. Love to the Supreme Court, and the judgment below — which was by default — affirmed.   This judgment is conclusive so long as it stands ; it cannot be attacked collaterally upon the ground that the parties to it did not prosecute the appeal ; for the effect of this would be to deny verity to all records.   If it could be set aside at all, it must be by affirmative and direct proceeding, impeaching the judgment for fraud in its procurement.   The judgment of the Supreme Court, affirming that of the District Court, then, is conclusive evidence of the facts it asserts.

Nor is it true that the equity rule, requiring two witnesses to overturn an answer, prevails in our system.   The answer is not evidence

for the defendant, but only pleading. This we have held in several cases. (See *Cordier* v. *Schloss*, 12 Cal. 143.)

This disposes of the first assignment.

The second is not good. It is that there is no proof that the plaintiff signed the appeal bond at the request of defendant. We doubt if any proof of this request be required. When appeal is taken by a party, and as a condition to give it effect, a bond or undertaking, with or by sureties is annexed, we suppose, as the undertaking is executed for the benefit of the appellant, the presumption of law is that it is done at her request. But at all events, very slight proof would be required of such request, and this is furnished by the witness Rush.

It is not necessary to consider the testimony of the witness Campbell. There was proof enough without it; and this is a case tried by the Court without a jury.

The last assignment is, that no separate property of the wife is set out in the complaint; and it is said that the power of a Court of Chancery is confined to the separate property of the wife. But the answer is, that here the wife was liable *in personam* before coverture, and by our laws continues so liable after marriage.

Judgment affirmed.