[No. B081978. Second Dist., Div. Four. July 19, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY JOE JOHNSON, Defendant and Appellant.

[No. B088853. Second Dist., Div. Four. July 19, 1995.]

In re BILLY JOE JOHNSON on Habeas Corpus.

COUNSEL

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WOODS (A. M.), P. J.—Billy Joe Johnson (defendant) appeals from his conviction of 14 counts of second degree robbery (Pen. Code, § 211) and 1 count of grand theft (Pen. Code, § 487, former subd. (3)) as to which he entered pleas of nolo contendere. Consolidated with this appeal is defendant's petition for writ of habeas corpus.

The original notice of appeal filed on behalf of appellant by his trial attorney was defective in that it did not comply with the provisions of Penal Code section 1237.5, which provides that no appeal shall be taken from a conviction based on a plea of guilty or nolo contendere unless the defendant has filed with the trial court "a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the trial court "has executed and filed a certificate of probable cause for such appeal with the

county clerk." (Pen. Code, § 1237.5, subds. (a), (b).) Pending before this court is a request for an order relieving appellant of his failure to have filed an effective notice of appeal and for issuance of certificate of probable cause. The motion is denied. (*People* v. *Breckenridge* (1992) 5 Cal.App.4th 1096, 1099-1103 [8 Cal.Rptr.2d 1].) We turn to the petition for writ of habeas corpus.

There was no preliminary hearing, so the factual circumstances of the charges against defendant were never established in court. However, according to the probation report, defendant became addicted to cocaine and in order to support his habit went on a robbery spree between June and September 1993, targeting small businesses. It was alleged that he was armed in the commissions of these robberies, sometimes with a gun and sometimes with a knife. Upon his arrest, defendant was charged with one count of grand theft (Pen. Code, § 487) and sixteen counts of second degree robbery. (Pen. Code, § 211.) It was further alleged in 13 counts that defendant used a deadly and dangerous weapon in the commission of the offenses, that he used a firearm. Additionally, in count 4 it was alleged that he had inflicted great bodily injury upon the victim of the robbery.

On November 2, 1993, defendant pled nolo contendere to counts 1 through 15 and admitted all the special allegations pursuant to a plea bargain negotiated by his trial counsel with the district attorney. In exchange for his plea, defendant received a sentence of 20 years. Relevant to the proceedings before this court is the following colloquy that took place between the district attorney, Mr. Baron, and defense counsel, Ms. Jones:

"MR. BARON: I must inform you that the maximum that this carries with it appears to be—what's the maximum? Do you have that as 35.8 [years]?

"Ms. JONES: Maximum years?

"MR. BARON: 35.8.

"Ms. JONES: My calculation was 38.8.

"MR. BARON: Your attorney's calculation is 38.8 years as a maximum. I see on my file it may be 35.8. But either way, you understand that that's approximately your maximum that this case carries with it?

"THE DEFENDANT: I do understand."

Defendant's plea was accepted and the matter put over for sentencing to November 9, 1993. At the sentencing hearing, defense counsel informed the

court that defendant wanted to withdraw his plea. The matter was continued to November 18, 1993, at which point the court appointed special counsel for purposes of the motion to withdraw the plea and continued the case to November 29, 1993. At the hearing on that date, defendant's specially appointed counsel, Mr. Peacock, contended that the motion should be granted because defendant had been unable to speak to his original attorney, Ms. Jones, whom he felt had not adequately investigated his case and because he was not advised of the consequences of having 15 prior felony convictions as a result of the plea. The following colloquy ensued:

"THE COURT: What was the maximum time he was facing in the 13 [*sic*] counts?

". . . . . . . . . . . . . . . . . . . . .

"MR. PEACOCK: The plea transcript indicated the maximum was 38, as it was charged. So, I imagine there was potentially some 654 problems, as well, with some of those counts. [¶] Basically, he feels that he took the 20 years because he was led to believe that that was the very best he could do." Defendant added that he "didn't realize the fact that there's a possibility that I could beat six to seven [counts]." The motion was denied and defendant was sentenced to a total of 20 years in state prison.

A notice of appeal was filed on December 22, 1993, and a petition for writ of habeas corpus was filed on December 7, 1994.

 Defendant claims ineffective assistance of counsel. He contends that Ms. Jones, his original attorney, miscalculated his maximum potential sentence by 11 years, and Mr. Peacock, his counsel for the motion to withdraw, failed to discover the mistake and raise it as a ground to withdraw the plea. According to defendant, his maximum sentence was 27 years, not, as Ms. Jones stated, 38 years, so that by accepting the plea bargain with its 20-year sentence, he saved only 7 years, not 18.[1] In the declaration attached to his habeas corpus petition, defendant states that had he been correctly advised of his maximum potential sentence he would have gone to trial rather than accept the plea bargain. The Attorney General concedes that "error in advising [defendant] of his maximum exposure occurred" but contends that defendant fails to show he was prejudiced by the error.[2] We conclude that defendant was prejudiced by his attorneys' errors and must be given the opportunity to withdraw his plea.

[1]Defendant sets forth his calculation of his maximum sentence at footnote 2 on page 4 of his petition.

[2]By letter of June 30, 1995, the Attorney General asks that we deem the respondent's brief to constitute his return to the petition of habeas corpus.

■ In order to establish ineffective assistance of counsel, a defendant must not only show his or her counsel failed to act in a manner to be expected of a reasonably competent attorney acting as a diligent advocate but also that he or she was prejudiced thereby. (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144]; *People* v. *McCary* (1985) 166 Cal.App.3d 1, 10 [212 Cal.Rptr. 114].) ■ "Where a defendant has been denied the effective assistance of counsel in entering a plea of guilty, he is entitled to reversal and an opportunity to withdraw his plea if he so desires. [Citations.]" (*People* v. *McCary, supra,* 166 Cal.App.3d at p. 7.) "To be valid, guilty pleas must be based upon a defendant's full awareness of the relevant circumstances and the likely consequences of his action. [Citation.]" (*People* v. *Hunt* (1985) 174 Cal.App.3d 95, 104 [219 Cal.Rptr. 731].)

■ *McCary* is closely analogous to the case before us. In *McCary*, appellant was charged with one count of sodomy on a child under fourteen years of age and three counts of lewd and lascivious conduct upon such child, as to which it was further alleged under Penal Code section 667 that appellant was a habitual criminal. (Pen. Code, § 667, subd. (a).) Had the enhancement been found true, it would have increased the appellant's minimum potential sentence from three years to eight years in state prison because of the mandatory five-year sentence imposed by section 667. Appellant then pled to two counts of lewd and lascivious conduct and the habitual criminal enhancement was dismissed along with the remaining counts. Before he was sentenced, he attempted to withdraw his plea, but his motion was denied and he was ultimately sentenced to a total of three years in state prison.

On appeal, McCary contended that he was denied effective assistance of counsel because the habitual criminal enhancement did not apply to his offenses which were committed before the effective date of Penal Code section 667. Thus, he was not subject to the additional five-year sentence required by that provision, a fact of which his trial attorney was unaware and of which he failed to inform appellant.

The reviewing court concluded: "Defendant's attorney clearly did not meet these standards [of effective representation] in failing to ascertain defendant was not legally subject to the charged enhancement and to inform him of this fact in plea negotiations. . . . [¶] That defendant should have been informed of this fact in plea negotiations is without doubt. Counsel has a duty to confer with his client about all available defenses of fact and of law before permitting him to plead guilty. [Citation.] To be valid, guilty pleas must be based upon a defendant's full awareness of the relevant circumstances and the likely consequences of his action, ' "including the actual

value of any commitments made to him by the court, prosecutor, or his own counsel, . . ." ' (*Brady* v. *United States* (1970) 397 U.S. 742, 748, 755 [25 L.Ed.2d 747, 756, 760, 90 S.Ct. 1463].) . . . . Here, the prosecutor's promise to dismiss the enhancement had no value whatsoever, a fact of which defendant was not aware. [¶] The need for full understanding in entering a guilty plea is underscored by the rule with respect to withdrawing a plea, which allows a defendant to withdraw his plea ' "for mistake, ignorance or inadvertence or any other factor overreaching defendant's free and clear judgment." ' (*People* v. *Superior Court (Giron)* (1974) 11 Cal.3d 793, 797 [114 Cal.Rptr. 596, 523 P.2d 636].) . . . . A plea cannot stand on a serious misapprehension of the penal consequences of a plea bargain. [Citation.]" (*People* v. *McCary, supra,* 166 Cal.App.3d at pp. 8-9.)

Similarly, in the instant case, the failure of defendant's trial counsel, Ms. Jones, to correctly calculate his maximum potential sentence before permitting him to enter a plea that resulted in a 20-year imprisonment constituted a dereliction of her duty to ensure that defendant entered his plea with "full awareness of the relevant circumstances and the likely consequences of his action. [Citation.]" (*People* v. *Hunt, supra,* 174 Cal.App.3d at p. 104.) This error was compounded by the failure of Mr. Peacock, appointed to represent defendant for purposes of his motion to withdraw his plea, to discover the error and raise it as a ground for withdrawal. The 11-year error in Ms. Jones's calculation led appellant to believe that, by accepting the plea bargain, he was shortening his potential sentence by some 18 years when, in fact, he was saving 7 years at best. By any measure, this would constitute a "serious misapprehension of the penal consequences" of his plea. (*People* v. *McCary, supra,* 166 Cal.App.3d at p. 9.)

We must next consider whether counsels' omissions were prejudicial. Again, we turn to *McCary*. Faced with this same question, the *McCary* court stated: "As the court in *Fosselman* points out, the basic inquiry in all cases is whether defendant was prejudiced by the conduct of his attorney. [Citation.] ▮ In the present case, prejudice can be measured by determining whether counsel's acts or omissions adversely affected defendant's ability to knowingly, intelligently and voluntarily decide to enter a plea of guilty. In this respect, the standard applicable to the withdrawal of a guilty plea is helpful. In other words, if, as a result of counsel's acts or omissions, it fairly appears defendant entered his plea under the influence of 'mistake, ignorance or inadvertence or any other factor overreaching defendant's free and clear judgment' such as would justify the withdrawal of his plea, he was ineffectively represented by counsel." (*People* v. *McCary, supra,* 166 Cal.App.3d at p. 10.)

▮ In concluding that the defendant was prejudiced by his counsel's ignorance of the inapplicability of the habitual criminal enhancement, the

court in *McCary* pointed out that by pleading guilty in exchange for dismissal of the enhancement he apparently avoided having his sentence increased by a mandatory five years over the minimum three. It also pointed out that the plea bargain was not highly attractive to defendant as was shown by his motion to withdraw it on other grounds. "Accordingly, it can be fairly concluded the promise to dismiss the enhancement charge was a substantial inducement in defendant's decision to plead guilty." (*People* v. *McCary*, *supra*, 166 Cal.App.3d at p. 10.)

Similarly, in the instant case, it can be fairly concluded that the failure of defendant's counsel to correctly advise him of his maximum potential sentence was a substantial inducement in his decision to plead nolo contendere. By accepting the plea bargain, defendant believed he may have cut his sentence almost by half, from a potential 38 years to 20, which under any circumstances would be a powerful inducement to plead. Even so, as was true in *McCary*, defendant had reservations about the wisdom of entering the plea bargain as was demonstrated by his attempt to withdraw the plea on other grounds. Moreover, Mr. Peacock's failure to discover Ms. Jones's error in calculating the maximum potential sentence may, in fact, have deprived defendant of his best argument to have the motion withdrawn. Finally, defendant states in the declaration attached to his habeas corpus petition that, had he been correctly advised on the maximum potential sentence, he would have taken his chances at trial and rejected the plea bargain. The Attorney General characterizes defendant's declaration as "self-serving" and argues he was not prejudiced because at the time of his plea he failed to ask for "clarification" of his maximum potential sentence. He would, of course, have no reason to ask for such clarification. We reject the Attorney General's position. Alternatively, the Attorney General suggests we remand the case for an evidentiary hearing to determine the extent of defendant's reliance on his trial attorney's representations. The prejudice here is clear and a remand would serve no real purpose.

The petition for writ of habeas corpus is granted. The case is remanded to permit defendant to withdraw his guilty plea if he elects to do so. The appeal is dismissed.

Epstein, J., and Vogel (C. S.), J., concurred.