[No. B108722. Second Dist., Div. Three. Nov. 13, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN HAROLD MAGUIRE, Defendant and Appellant.

[No. B112484. Second Dist., Div. Three. Nov. 13, 1998.]

In re JOHN HAROLD MAGUIRE on Habeas Corups.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II.B and II.C.

**COUNSEL**

Athena Shudde, under appointment by the Court of Appeal, for Defendant, Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert Carl Schneider and Frederick Grab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ALDRICH, J.**—Defendant John Harold Maguire stole someone else's identity to obtain false identification, which he used to buy a motorcycle and a car, and to apply for and rent two apartments. Defendant pled nolo contendere, resulting in his conviction on one count of perjury (Pen. Code, § 118) and four counts of making a false financial statement (Pen. Code, § 532a, subd. (1)). Defendant was sentenced to a total term of two years eight months in state prison. Defendant has appealed from the judgment and has filed a petition for writ of habeas corpus, which have been consolidated.

In the appeal, defendant contends: (1) the trial court erred in denying his motion to continue; (2) the trial court erred in denying his *Marsden*[1] motion; and (3) he was denied effective assistance of counsel. In the petition for writ of habeas corpus, defendant contends he was denied effective assistance of counsel.

In his ineffective assistance of counsel argument, defendant contends the following: the two counts of making a false financial statement (Pen. Code, § 532a, subd. (1)) involving renting apartments were legally insufficient; since his counsel did not properly advise him of the legal insufficiency of the two counts, his plea was based upon this erroneous understanding of the law and cannot stand. In the published portions of this opinion (pts. I, II.A, and III), we find this contention persuasive, grant the petition for writ of habeas corpus and remand to provide defendant the opportunity to withdraw his plea. In the unpublished portion of this opinion (pts. II.B and II.C), we reject defendant's other contentions.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *Facts.*[2]

In March 1996, John Argiris reported to the police that someone had been impersonating him and using his credit history to purchase items. This ruined Mr. Argiris's credit rating. Defendant was a boyhood friend of Mr. Argiris. Defendant had visited Mr. Argiris two years prior and during that visit had taken Mr. Argiris's Social Security card.

Based upon the information provided by Mr. Argiris, the police searched defendant's residence in Studio City. During the search, a driver's license in the name of Mr. Argiris was discovered; it bore a photograph of defendant. Additionally, an automated teller card, checks, a birth certificate, a Social Security card and credit cards in the name of John Argiris were discovered. The original application for the driver's license was obtained from the Department of Motor Vehicles; it bore defendant's photograph.[3]

The police investigation revealed the following four incidents in which defendant had used Mr. Argiris's identity:

---

[1] *People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

[2] Because defendant pled nolo contendere, the facts have been taken from the transcript of the preliminary hearing. Additional facts have been taken from the exhibits attached to the petition for writ of habeas corpus, the return and the traverse.

[3] Applicants for drivers' licenses must sign the application in front of Department of Motor Vehicles personnel. The application obtained from the Department of Motor Vehicles bore defendant's signature and contained his thumbprint.

(1) On July 3, 1995, defendant filled out a "Resident Credit Application" seeking to reside in an apartment in Sherman Oaks. On the application, defendant used the name of John Argiris. He provided a Social Security number, personal and work history, and bank account and credit card information. The property manager relied on the application and defendant's fraudulent credit history to lease an apartment to defendant.

(2) In October 1995, defendant went to Magic Lincoln Mercury in Valencia where he completed a credit application using the name of John Argiris. Based upon the information he provided, defendant obtained 100 percent financing to purchase a car. Comerica financed the transaction. Comerica relied upon the fraudulent information to issue a loan in excess of $20,000. Defendant left the dealership with a car.

(3) In October 1995, defendant went to Bartel's Harley Davidson dealership in Marina del Rey where he completed a credit application using the name of John Argiris. Defendant showed the dealership's financial manager a driver's license in that name. Defendant secured credit for the purchase of a motorcycle. He put no money down. The lender, Green Tree Financial, relied upon the application to loan defendant sufficient funds to purchase the motorcycle. Defendant left the dealership with a motorcycle worth more than $25,000.

(4) On February 24, 1996, defendant, using the name of John Argiris, completed and signed a rental application for a one-bedroom apartment located in Studio City. On the form, defendant provided a work history and stated he resided in Sherman Oaks. Defendant also provided credit and personal references, a Social Security number, and a driver's license number. Subsequently, defendant used the name of John Argiris to enter into a rental agreement to reside in the one-bedroom apartment in Studio City. Defendant was able to rent the apartment predicated upon the fraudulent information he provided.

B. *Procedure.*

Defendant was charged in count I with perjury, in violation of Penal Code section 118. The perjury charge was based upon the submission of false information under penalty of perjury in applying for a California driver's license. In counts II, III, IV and V, defendant was charged with making a false financial statement, in violation of Penal Code section 532a, subdivision (1). Count II involved making false statements on July 3, 1995, with regard to applying to reside in the apartment located in Sherman Oaks. Count III and count IV concerned making false statements enabling defendant to purchase the motorcycle and the car. Count V involved making false

statements on February 24, 1996, in applying to reside in the apartment located in Studio City.

The trial court advised defendant that if he pled guilty to all five counts, defendant would be sentenced to two years eight months in prison. Defendant pled nolo contendere on all counts. Defendant was sentenced to a total prison term of two years eight months.[4] A judgment was entered. A certificate of probable cause was issued by the trial court.

Defendant appeals from the judgment. He has also filed a petition for writ of habeas corpus. We have consolidated the petition and appeal and have issued an order to show cause. The People filed a return and defendant filed a traverse.

## II

## DISCUSSION

### A. *Defendant was denied effective assistance of counsel.*

In his appeal and petition for writ of habeas corpus, defendant contends he did not receive effective assistance of counsel. This argument relates to counts II and V in which defendant was convicted of violating Penal Code section 532a, subdivision (1) for submitting false financial information in applying to rent two apartments. Defendant argues it is not a violation of Penal Code section 532a subdivision (1) to provide false information on a rental application; his trial counsel should have advised him of this fact; his counsel should have taken steps to prevent defendant from pleading nolo contendere to counts II and V, such as filing a motion to dismiss these two counts; and he would not have pled nolo contendere to all charges had he been properly advised. Since this contention has merit, we grant the petition for habeas corpus and remand to provide defendant with an opportunity to withdraw his pleas.

#### 1. *Defendants are entitled to effective assistance of counsel when entering a plea.*

"The pleading—and plea bargaining—stage of a criminal proceeding is a critical stage in the criminal process at which a defendant is entitled to

---

[4]The sentence was calculated as follows: Defendant was sentenced to two years on count I (perjury), which was chosen as the base term. A consecutive sentence of eight months was imposed on count II (making a false statement with regard to the apartment located in Sherman Oaks). Concurrent sentences of two years each were imposed on counts III, IV and V.

the effective assistance of counsel guaranteed by the federal and California Constitutions." (*In re Alvernaz* (1992) 2 Cal.4th 924, 933 [8 Cal.Rptr.2d 713, 830 P.2d 747].) "Although [the decision as to whether to plead guilty pursuant to a plea bargain is a decision ultimately made by the defendant], it is the attorney, not the client, who is particularly qualified to make an informed evaluation of a proffered plea bargain. The defendant can be expected to rely on counsel's independent evaluation of the charges, applicable law, and evidence, and of the risks and probable outcome of trial. [Citations.]" (*Ibid.*)

Defense counsel have the obligation to investigate all defenses, explore the factual bases for defenses (*In re Neely* (1993) 6 Cal.4th 901, 919 [26 Cal.Rptr.2d 203, 864 P.2d 474]) and the applicable law. (*People v. Plager* (1987) 196 Cal.App.3d 1537, 1543 [242 Cal.Rptr. 624].) "If counsel's failure to perform these obligations results in the withdrawal of a potentially meritorious defense, defendant has not had the assistance to which he is entitled." (*Ibid.*; accord, *People v. Brown* (1986) 177 Cal.App.3d 537, 545-546 [223 Cal.Rptr. 66].)

"It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea. [Citations.] [When the contention is that incompetent advice led to a defendant pleading guilty], . . . a defendant must establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on proceeding to trial. [Citation.]" (*In re Alvernaz, supra*, 2 Cal.4th at p. 934.)

For example, in *People v. Plager, supra*, 196 Cal.App.3d 1537, Plager was convicted by jury of robbery. Thereafter, in a bifurcated proceeding, Plager admitted he had previously suffered two *residential* burglaries. However, based upon the law at that time, the prosecution would not have been able to prove the two prior burglary convictions were of residences. The appellate court concluded Plager received ineffective assistance of counsel when he admitted the prior allegations because his counsel had failed to investigate the applicable law and failed to advise him the priors could not have been proven. (See also *People v. Johnson* (1995) 36 Cal.App.4th 1351 [43 Cal.Rptr.2d 48]; *People v. McCary* (1985) 166 Cal.App.3d 1 [212 Cal.Rptr. 114].)

## 2. *Making a false financial statement, Penal Code section 532a.*

Defendant's ineffective assistance of counsel argument is based upon his claim that, as a matter of law, using false information in completing apartment rental applications does not violate Penal Code section 532a, subdivision (1).

In pertinent part, Penal Code section 532a, subdivision (1) reads: "Any person who shall knowingly make or cause to be made, either directly or indirectly . . . any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself, . . . for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, *the making of a loan or credit*, *the extension of a credit*, the execution of a contract of guaranty or suretyship, the discount of an account receivable, or the making, acceptance, discount, sale or indorsement of a bill of exchange, or promissory note, for the benefit of . . . himself . . . shall be guilty of a public offense." (Italics added.)

Since other provisions of Penal Code section 532a, subdivision (1) are not applicable, the People argue that when defendant furnished false information on the two rental applications, defendant unlawfully procured "credit."[5]

Penal Code section 532a does not define the term "credit." In context, however, its meaning is evident.[6] It means one is guilty of a crime when one is granted rights by a creditor to defer payment of a debt. When a creditor "extends credit," or one procures the "making of credit" the creditor has granted the right to the "debtor to defer payment of debt or to incur debt and defer its payment." (Black's Law Dict. (5th ed. 1979) p. 331, col. 1.) In this context, "credit" is "[t]he ability of a . . . person to borrow money, or obtain goods on time, in consequence of the favorable opinion held by the

---

[5]*People* v. *Vincent* (1993) 19 Cal.App.4th 696 [23 Cal.Rptr.2d 714], discussed another aspect of Penal Code section 532a, subdivision (1). *Vincent* examined the phrase "any false statement in writing . . . respecting the financial condition, or means or ability to pay, of himself, or any other person, firm or corporation."

[6]"The applicable principles of statutory construction are well settled. 'In construing statutes, we must determine and effectuate legislative intent.' [Citation.] 'To ascertain intent, we look first to the words of the statutes' [citation], 'giving them their usual and ordinary meaning' [citation]. If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' [Citation.]" (*Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976]; accord, *People* v. *Loeun* (1997) 17 Cal.4th 1, 8-9 [69 Cal.Rptr.2d 776, 947 P.2d 1313].)

particular lender as to solvency and reliability." (*Ibid.*) This definition is consistent with the definition of "credit" found in other statutes. (Civ. Code, § 1812.30, subd. (g) [" 'credit' means obtainment of money, property, labor, or services on a deferred-payment basis"]; Civ. Code, § 2957, subd. (d) [" '[c]redit' means the right granted by a vendor to a purchaser to purchase property and to defer payment therefore"].)

Here, the two questionable counts of violating Penal Code section 532a subdivision (1) were premised upon defendant being able to rent two apartments by falsely providing financial information on rent applications. While the fraudulent financial information established a false "credit history" or "credit rating," and induced the landlords to lease the apartments to defendant, it did not result in defendant obtaining "credit," nor was "credit" extended to him. When one rents an apartment or signs a lease, one does not obtain "credit." A renter does not defer the payment on property acquired. A renter acquires temporary rights through a leasehold.

We also note, that other Penal Code provisions addressing theft and fraud (e.g., Pen. Code, § 532) specifically include the procurement of property, both personal and real. In contrast, Penal Code section 532a, does not specifically mention real property.

Having concluded that submitting false financial information to a potential landlord does not result in a violation of Penal Code section 532a, subdivision (1), we must conclude the performance of defendant's trial counsel fell below the objective standard of reasonableness under prevailing professional norms.[7] Defendant's counsel's evaluation of the law should have revealed that there was no factual basis to support counts II and V. Defendant's counsel should have taken appropriate steps to challenge the legal sufficiency of these two counts, such as filing a motion to dismiss them. At a minimum, defendant's counsel should have provided defendant with an accurate evaluation of the law, thereby affording defendant a clear means of assessing the disposition being offered to him by the trial court.[8] (*People* v. *Johnson, supra,* 36 Cal.App.4th 1351; *People* v. *McCary, supra,* 166 Cal.App.3d 1.)

[7] By this conclusion we are not deciding whether supplying false information on rental applications constitutes some other crime. Our opinion only addresses whether that act violates Penal Code section 532a, subdivision (1).

[8] The People have asked us to take judicial notice of the fact that after serving his sentence in the instant case, defendant was granted parole, was subsequently convicted of theft, and presently is incarcerated (People v. Maguire (Super. Ct. L.A. County, No. LA030431)). These facts are irrelevant to the issues raised; thus, we decline to take judicial notice of them. (*People* v. *Rowland* (1992) 4 Cal.4th 238, 268, fn. 6 [14 Cal.Rptr.2d 377, 841 P.2d 897].)

The People note that neither *People* v. *Vincent, supra,* 19 Cal.App.4th 696 (see *ante*, fn. 5), nor any other case discussing Penal Code section 532a involved an issue similar to the one before us. (Cf. *People* v. *Breyer* (1934) 139 Cal.App. 547 [34 P.2d 1065].) The People then argue defendant's trial counsel's performance could not have been deficient because defendant's trial counsel could not have anticipated our ruling. (Cf. *In re Alvernaz, supra,* 2 Cal.4th at p. 937 [simple misjudgment, without more, does not give rise to claim of ineffective assistance of counsel].) However, we are not suggesting defendant's counsel should have anticipated this ruling. Rather, our conclusion is premised upon the obligation of defendant's trial counsel to inform defendant of the dearth of legal authority, and to inform defendant that the legal evaluation of the case was based thereon. Further, as the People seem to concede, at a minimum, defendant's trial counsel could have discussed with defendant the potential for filing a motion pursuant to Penal Code section 995, and the potential consequences of a motion to challenge the pleading.[9]

The People also argue that even if defendant's counsel's performance fell below the acceptable standards, defendant has not shown prejudice because defendant has failed to demonstrate he would have benefited from the receipt of accurate information or from a successful motion to dismiss (Pen. Code, § 995). The People argue, "[defendant] was sentenced to actual prison time only with respect to the perjury count and one count of making a false financial statement. The fact that [defendant] entered a plea of nolo contendere as to the perjury count and one of the four false financial statement counts precludes any serious contention that [defendant] would not have so pled on the basis of the same proffered bargain had he been facing three potential sentences instead of five."

By this argument, the People ignore trial court realities. In the declaration of defendant's trial counsel attached to the petition for writ of habeas corpus, he declared that after evaluating the law, he believed there was legal merit to all five counts.[10] The trial court advised defendant that if he pled to all five

---

[9]We reject the People's suggestion that our conclusion is speculative because it is unknown as to how the trial court would have ruled on such a motion. We must presume the trial court would have properly applied the law.

[10]Defendant's counsel declared: "My review of the law in this matter lead[s] me to conclude that there was sufficient evidence adduced at the preliminary hearing such that a motion to set aside the information pursuant Penal Code § 995 would not be sustained as to any of the counts and I therefore did not file such [a] motion. [¶] I further concluded that there was sufficient evidence to sustain a conviction as to each of the counts if Mr. Maguire chose to proceed to trial."

counts, defendant would be sentenced to two years eight months in prison. In defendant's declaration, he asserted that based upon advice of counsel, he understood he was "stuck with all five charges and could not make any kind of motion or request to have any counts dismissed." Further, had he known of the legal insufficiency of counts II and V, defendant declared, he would have contested the truth of those charges and "would not have entered the plea to either count knowing the prosecutor could not prove the charges. I would have demanded a trial despite the judge's sentence bargain." We cannot assume, as do the People, the disposition offered to defendant would have been the same, had there been three rather than five counts. In resolving cases, the number and types of charges are considered. Defendant was prejudiced by the actions of his counsel.[11]

The People further argue defendant cannot show prejudice because, had a motion been brought, the charging document would have been amended to include other charges relating to the two leaseholds. This argument is based upon speculation; it assumes amendments would have been made and, inherently, it assumes the potential consequences of such amendments would have been more severe.[12]

Defendant was denied effective assistance of counsel when he entered his plea.[13] Defendant must be given the opportunity to withdraw his plea. (*People* v. *McCary, supra,* 166 Cal.App.3d 1; *People* v. *Johnson, supra, 36* Cal.App.4th 1351.)

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III

### Disposition

The petition for habeas corpus is granted. The superior court is directed to provide defendant with the opportunity to withdraw his pleas if he so elects

---

[11]By this conclusion we are not determining the proper sentence, nor are we presupposing the indicated plea would have been different had there been three counts, or other charges. We must recognize, however, the dynamics involved in resolving cases.

[12]The People suggest an evidentiary hearing is warranted because a factual dispute exists concerning defendant's trial counsel's knowledge, actions and tactics. We are not persuaded. The evidence was sufficiently delineated in the declarations.

[13]Based upon a different premise, defendant contends the trial court erred in denying his motion to withdraw his plea. In light of our conclusion that defendant was denied effective assistance of counsel, we need not address this argument.

*See footnote, *ante,* page 1022.

by filing an appropriate motion within 60 days of the issuance of the remittitur. If no such motion is filed by defendant, the judgment shall stand affirmed. The superior court has the power to extend the time for filing the motion, if required.

Kitching, Acting P. J., and Goodman, J.,* concurred.

A petition for a rehearing was denied December 14, 1998, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied March 31, 1999.

---

*Judge of the Municipal Court for the Culver Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.