Filed 7/9/15  P. v. Degroat CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

<u>COPY</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C076675 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F7304) |
| v. | |
| DANIEL LEE DEGROAT, | |
| Defendant and Appellant. | |

Defendant Daniel Lee Degroat appeals the trial court's order denying his motion to withdraw his guilty plea.  (Pen. Code, § 1018.)[1]  He contends the trial court abused its discretion because it failed to recognize that defendant accepted the plea based on ineffective assistance of counsel.  Specifically, defendant alleges his trial counsel was

---

[1] Undesignated statutory references are to the Penal Code.

1

deficient in advising him to admit a prior conviction in Oregon as a strike under California law (§ 1170.12).

We will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, defendant pleaded guilty to one count of failure to notify law enforcement of a change of address as a registered sex offender (§ 290, subd. (b)) and admitted a prior strike. In exchange, defendant received a sentencing lid of 32 months, dismissal of two counts of unlawful sexual intercourse with a minor (§ 261.5, subd. (c)), and the option to file a *Romero*[2] motion to strike the prior strike. The factual basis for the plea was as follows:

During the period from August 1, 2013, to November 13, 2013, defendant failed to notify law enforcement of a change in his address. As for the prior strike conviction, defendant was convicted on March 5, 2004, in the State of Oregon, of first degree sexual abuse in violation of Oregon Revised Statutes (ORS) section 163.427, for which he was sentenced to 75 months in state prison.

Defendant filed a *Romero* motion to strike the prior strike conviction. While the *Romero* motion was pending, defendant also filed a motion to withdraw his plea. He argued that, contrary to the advice given to him by trial counsel, the Oregon prior was not a strike for purposes of sentencing in California because there was no evidence defendant was 16 years old or older at the time he committed the offense. And, because of his age at the time of the conviction, the Oregon offense would not have been a strike in California under the least adjudicated elements test, which focuses on whether the elements of the foreign crime, as defined by that jurisdiction's statutory or common law, include all of the elements of the California felony. (See *People v. Crowson* (1983)

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

33 Cal.3d 623, 633-634.) The motion was supported by defense counsel's declaration stating, among other things, that defendant was born on May 23, 1985, and the Oregon crimes were alleged to have been committed "within a range of dates from January 1, 1999[,] to August 22, 2001." The Oregon indictment alleged defendant committed the offense "between January 1, 2000[,] and August 22, 2001."

The People argued that, because defendant was charged and convicted as an adult in Oregon, his actual age when he committed the offense was irrelevant. The People further argued defendant's minimum 75-month sentence under Oregon's Measure 11, which requires persons who are 15, 16, or 17 years of age and who have committed first degree sexual abuse to be prosecuted as an adult (ORS, § 137.700 et seq.), demonstrates defendant was 15, 16, or 17 years old at the time he committed the offense. Finally, the People argued the Oregon conviction was comparable to a violation of section 288, subdivision (a) under the least adjudicated elements test.

The trial court denied defendant's *Romero* motion and motion to withdraw his plea and sentenced him to an aggregate term of 32 months in state prison (the lower term of 16 months, doubled for the prior strike conviction).

Defendant filed a timely notice of appeal. The trial court granted his request for a certificate of probable cause.

**LAW REGARDING MOTIONS TO WITHDRAW A PLEA**

Section 1018 provides that, at any time before judgment, the court may, "for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted. . . . This section shall be liberally construed to effect these objects and to promote justice." Although the statute directs liberal interpretation, case law implementing section 1018 establishes a rigid standard for overturning a guilty plea. Courts have stated that " 'pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' [Citation.]" (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146.) We review a claim of an erroneous denial of a motion

to withdraw a plea for abuse of discretion. (*People v. Holmes* (2004) 32 Cal.4th 432, 442-443; *People v. Wharton* (1991) 53 Cal.3d 522, 585.)

A defendant seeking to withdraw his plea has the "burden to produce evidence of good cause by clear and convincing evidence. [Citation.]" (*People v. Wharton*, *supra*, 53 Cal.3d at p. 585.) To demonstrate good cause, a defendant must show that his plea was not the product of his free judgment. "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.]" (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) Particularly relevant to this appeal, our Supreme Court has said that ineffective assistance of counsel can be a basis to withdraw a plea. "Where a defendant has been denied the effective assistance of counsel in entering a plea of guilty, he is entitled to reversal and an opportunity to withdraw his plea if he so desires." (*People v. Hunt* (1985) 174 Cal.App.3d 95, 104.)

## DISCUSSION

Defendant contends his trial counsel failed to adequately investigate the validity of the prior strike allegation before advising defendant to admit it. Defendant maintains the Oregon conviction did not, in fact, qualify as a strike for purposes of enhancing his sentence.

To establish ineffective assistance of counsel, defendant must prove (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation subjected the defense to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694 [80 L.Ed.2d 674, 693, 698]; *People v. Bell* (1989) 49 Cal.3d 502, 546.) And more specifically, when a defendant seeks to withdraw a guilty plea on the ground that he suffered ineffective assistance of counsel, he "must establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, [he] would not have pleaded guilty and would have insisted on

4

proceeding to trial." (*In re Alvernaz* (1992) 2 Cal.4th 924, 934.) Defendant has done neither.

## A. *Failure to Demonstrate Deficient Representation*

The evidence in the record does not establish that defendant's trial counsel performed in a manner that falls below an objective standard of reasonableness. Defendant claims his counsel "admitted" that he had given inaccurate advice regarding the status of defendant's Oregon conviction. We disagree. Defense counsel's declaration in support of the motion stated, "[Defendant] entered his plea and admission based upon my advice that I believed the strike allegation was provable as a strike. [¶] Per the Information, the Defendant is alleged to have committed a violation of [ORS] 163.427 on November 6, 2009. An examination of the Oregon indictment shows the [d]efendant was alleged to have committed this crime within a range of dates from January 1, 1999[,] to August 22, 2001. [¶] I am informed and believe that the [d]efendant was born on May 23, 1985." Although the declaration acknowledged counsel advised defendant to admit the strike allegation, it revealed nothing about the nature or extent of counsel's investigation of the Oregon conviction or the basis for counsel's advice, nor did it attest to any mistake or failure on counsel's part. The motion itself argued defendant admitted the strike on the advice of counsel and, "[a]s counsel was preparing for the sentencing hearing . . . it occurred to counsel that because of the age of the [d]efendant at the time of the commission of the strike, the strike allegation *may* be neither valid nor provable." (Italics added.) In addition to the equivocal nature of this statement, it does not help defendant because unsworn pleadings do not constitute evidence. (*Bostic v. Love* (1860) 16 Cal. 69, 72-73; *Estate of Nicholas* (1986) 177 Cal.App.3d 1071, 1090.) On these facts defendant has failed to establish the first element of his claim that he received ineffective assistance of counsel.

In any event, we need not decide whether the Oregon conviction constitutes a strike in California because defendant has also failed to establish a reasonable probability

5

that, but for his trial counsel's alleged incompetence, he would not have pleaded guilty and would have insisted on proceeding to trial. (*In re Alvernaz, supra,* 2 Cal.4th at p. 934.)

B. *Failure to Make a Showing of Prejudice*

In exchange for his plea, defendant received several benefits, including a sentencing lid of 32 months (the *lower* term of 16 months for violating section 290, subdivision (b), plus 16 additional months for the prior strike) and dismissal of two counts of unlawful sexual intercourse with a minor. Had he elected instead to go to trial, he would have been exposed to a potentially higher sentence. For example, the two counts dismissed as part of the negotiated plea (unlawful sexual intercourse with a 17-year-old victim in violation of section 261.5, subdivision (c)), each carried a possible sentence of one year. And, the count to which defendant pleaded guilty (failure to notify law enforcement of a change of address in violation of section 290, subdivision (b)), is punishable by "imprisonment in the state prison for 16 months, or two or three years." (§ 290.018, subd. (b).) Under the negotiated plea, defendant received the shortest of the three possible sentences within that triad. Defendant now suggests the trial court would not have imposed a higher term. But it is uncertain, absent the negotiated plea, whether the trial court would still have imposed the low term for defendant's failure to register. Defendant has not demonstrated a reasonable probability that, but for counsel's questionable advice, he would not have pleaded guilty and would have insisted on going to trial.

Defendant argues he was prejudiced by trial counsel's advice regarding the Oregon conviction because, while it is true the probation report concluded he was presumptively and statutorily ineligible for probation, the prior Oregon strike definitively barred him from a grant of probation he might otherwise have received. We are not persuaded. During the *Romero* hearing, the trial court noted that, while defendant's criminal history did not include a long list of crimes, it did include "eight or nine parole

6

violations . . . essentially . . . one continual parole violation," adding that "no matter how often he seems to be reeled in by the Oregon folks relative to a transgression, as soon as they slapped his wrist and released him, he was off committing another transgression." The court further noted that, defendant "continued almost thumbing his nose at the Oregon parole folks, which is a continual violation of parole, hanging out in places where minors were, failing to report, things he was told not to do, specifically, and he went ahead and did it." In light of these comments, it appears highly unlikely that the trial court would have granted defendant probation even in the absence of the prior strike.

Defendant also cites *People v. Maguire* (1998) 67 Cal.App.4th 1022 (*Maguire*) to support his claim that any possibility the trial court might impose a higher sentence is "nothing more than mere speculation." (*Id.* at p. 1032.) *Maguire* is distinguishable, and the claim is untenable.

In *Maguire*, the defendant pleaded no contest to five charges against him based on his attorney's advice that there was sufficient evidence to sustain a conviction on all counts. (*Maguire, supra,* 67 Cal.App.4th at pp. 1024-1027.) The defendant appealed, contending he did not violate two of the five counts as a matter of law and he therefore received ineffective assistance of counsel due to his attorney's failure to advise him of that fact, and failure to prevent him from pleading no contest to those counts. (*Id.* at p. 1027.)

The Court of Appeal concluded defense counsel's performance was deficient. (*Maguire, supra,* 67 Cal.App.4th at p. 1030.) In further concluding the defendant suffered prejudice as a result of counsel's incompetence, the appellate court took note of defendant's assertion that, had he known of the legal insufficiency of the two counts, he " 'would not have entered the plea to either count knowing the prosecutor could not prove the charges' " and " 'would have demanded a trial despite the judge's sentence bargain.'" (*Id.* at pp. 1031-1032.) Of relevance here, the *Maguire* court rejected as "speculation" the *People's* argument that the defendant could not show prejudice

7

"because, had a motion been brought, the charging document *would have been amended to include other charges . . . .*" (*Id.* at p. 1032, italics added.)

Here, in contrast to *Maguire*, the amended information already alleged one count of failure of a registered sex offender to notify law enforcement of a change of address (§ 290, subd. (b)) and two counts of unlawful sexual intercourse with a minor (§ 261.5, subd. (c)): counts that could have produced a longer sentence than what defendant negotiated. Thus, unlike *Maguire,* we need not speculate as to the charges defendant might face at trial or what the potential sentence might be in the event he is convicted of those charges. By pleading no contest to one count and admitting the prior strike, he avoided the potential of a more severe sentence based on the charges that were pending at the time he entered his plea.

Moreover, unlike the defendant in *Maguire* who stated "he would not have pled nolo contendere to all charges had he been properly advised" (*Maguire, supra,* 67 Cal.App.4th at p. 1027), defendant in this case made no assertion that, but for defense counsel's advice, he would not have admitted the prior strike and would have insisted on proceeding to trial.

We conclude defendant failed to establish prejudicial ineffective assistance of counsel, and therefore the trial court did not abuse its discretion in denying his motion to withdraw his plea.

## DISPOSITION

The judgment is affirmed.

                         RENNER              , J.

We concur:

 BLEASE             , Acting P. J.

 HULL               , J.