[Crim. No. 13148. Third Dist. Mar. 25, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD F. McCARY, Defendant and Appellant.

## COUNSEL

William P. Buchanan, under appointment by the Court of Appeal, and Richard F. McCary, in pro. per., for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Michael T. Garcia and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MERING, J.**\*—Defendant appeals from a judgment sentencing him to three years in state prison after the trial court denied his motion to withdraw pleas of guilty to two counts of committing a lewd and lascivious act upon a child under 14 years of age (Pen. Code, § 288, subd. (a)).[1] We conclude defendant was denied effective assistance of counsel in entering his pleas. We shall reverse and remand the case to the trial court to provide defendant an opportunity to withdraw his pleas.

### FACTS

On December 22, 1982, an information was filed alleging that between October 18, 1981, and November 11, 1981, defendant Richard McCary committed an act of sodomy on a child under 14 years of age and more than 10 years younger than him (§ 286, subd. (c)); and three acts of lewd and lascivious conduct upon a child under 14 years of age (§ 288, subd. (a)). In addition, defendant was charged with failing to register as a prior sex offender (§ 290) and with a prior serious felony conviction for lewd and lascivious conduct (§ 667, subd. (a)). In the prior conviction, defendant had

---

\*Assigned by the Chairperson of the Judicial Council.

[1]All statutory references are to the Penal Code.

pleaded guilty to three counts of lewd and lascivious conduct and was placed on three years probation.

On July 8, 1983, the date trial was to commence, defendant pleaded guilty to two counts of committing a lewd and lascivious act upon a child under 14 years of age (§ 288, subd. (a)). These pleas were entered pursuant to a plea negotiation under the terms of which the two other felony charges and the section 290 charge were to be dismissed, as well as the prior serious felony enhancement. The reasons stated on the record for the dismissals were the interests of the victim (§ 288, subd. (c)) and "evidentiary problems" with respect to the sodomy charge.

In this regard, the prosecutor explained that the doctor who examined the victim was of the opinion that a sodomy did not take place. At the plea hearing the defendant acknowledged his counsel had explained this to him. During these proceedings no question was raised as to the validity of the serious felony enhancement.

On August 5, 1983, defendant filed a motion to withdraw his guilty pleas. Although defendant was still represented by counsel, he prepared and argued the motion in pro. per., his counsel declining to participate. In support of the motion, defendant declared he was under extreme emotional distress when he entered his pleas and did so under the belief he would be convicted of all the charges against him. He stated he was not previously aware of medical evidence indicating the alleged victim was not sodomized. He declared he was under psychological care due to the breakup of his family and a business loss; he was unable to keep a job because of several pending legal battles; he had resumed heavy drinking the week before he entered his pleas; and he was unable to sleep the night before because of an encounter with his ex-wife. Defendant alleged the district attorney's office falsely charged him.

In an amendment to the motion, defendant filed a lengthy statement alleging that one Reverend Charles Combs conspired with the victim's mother and the district attorney's office to falsely charge defendant, in furtherance of Reverend Combs' "insane determination to silence and imprison me." He further elaborated on his condition at the time he entered his pleas, contending "I was broke, hungry and emotionally exhausted, and I gave in." He also contended that only after he entered his pleas was he informed of the medical evidence indicating no sodomy was committed on the victim. Defendant did not raise the issue of the validity of the serious felony enhancement.

The trial court heard the motion on August 16 and denied it. The court then sentenced defendant to three years in state prison for each of the two

counts to which he pleaded guilty, the sentences to run concurrently. Defendant appealed from the judgment to challenge the court's denial of his motion. He did not obtain a certificate of probable cause. However, he moved this court for relief from failure to obtain a certificate of probable cause and we granted the motion. Thereafter, defendant obtained a certificate.

## DISCUSSION

Defendant makes several contentions with respect to whether the trial court abused its discretion in denying his motion to withdraw the pleas. However, we shall not address these contentions, for after examining the record we conclude defendant was denied effective assistance of counsel in entering his pleas and for that reason is entitled to an opportunity to withdraw his pleas if he so desires.[2]

■ We begin with the established principle that a defendant "is entitled to representation at every step of the proceedings, including the aid of counsel to enable an intelligent decision as to his plea." (*People* v. *Mattson* (1959) 51 Cal.2d 777, 790, fn. 5 [336 P.2d 937], see also *People* v. *Chesser* (1947) 29 Cal.2d 815, 820-821 [336 P.2d 937]; *People* v. *Avilez* (1948) 86 Cal.App.2d 289, 296 [194 P.2d 829].) Where a defendant has been denied the effective assistance of counsel in entering a plea of guilty, he is entitled to reversal and an opportunity to withdraw his plea if he so desires. (*People* v. *Chesser, supra,* 29 Cal.2d at p. 825; *People* v. *Avilez, supra,* 86 Cal.App.2d at p. 299.)

■ In the present case, defendant was charged with a serious felony enhancement under section 667. Had the charge been found true, he would have faced an additional sentence of five years, thereby increasing his minimum possible prison term from three years to eight years.[3] However, the present crimes were alleged to have occurred in 1981. As part of Proposition 8, adopted on June 8, 1982, section 667 is inapplicable to offenses occurring prior to that date and thus defendant was improperly charged with the serious felony enhancement. (*People* v. *Smith* (1983) 34 Cal.3d 251 [193 Cal.Rptr. 692, 667 P.2d 149].)[4] It is apparent from the record that defendant's counsel was neither aware of this fact nor did he inform defendant of this fact in the course of plea negotiations. The enhancement was

---

[2]Defendant preserved this issue on appeal by stating it as a ground for reversal in his request for a certificate of probable cause.

[3]The lower term for a conviction under either section 288, subdivision (a), or section 286, subdivision (c), is three years.

[4]Neither could defendant's sentence have been enhanced under section 667.5, for defendant did not serve a prison term for his prior conviction.

simply dismissed as part of the plea bargain. The question before us is whether this constituted ineffective assistance of counsel. We conclude it did.

■ As a threshold requirement, it must be shown "counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates." (*People* v. *Pope* (1979) 23 Cal.3d 412, 425 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Effective and competent representation requires "counsel's 'diligence and active participation in the full and effective preparation of his client's case.' [Citation.] Criminal defense attorneys have a ' "duty to investigate carefully all defenses of fact and of law that may be available to the defendant . . . ." ' [Citation.] . . . 'Counsel should promptly advise his client of his rights and take all actions necessary to preserve them. . . .' " (*Id.*, at pp. 424-425.)

■ With respect to counsel's duties in the entry of a guilty plea, " 'It is his [counsel's] task to investigate carefully all defenses of fact and of law that may be available to the defendant and confer with him about them before he permits his client to foreclose all possibility of defense and submit to conviction without a hearing by pleading guilty.' " (*People* v. *Mattson, supra,* 51 Cal.2d at p. 791, quoting *People* v. *Avilez, supra,* 86 Cal.App.2d at p. 296.) Counsel "is expected . . . to possess knowledge of those plain and elementary principles of law which are commonly known by well informed attorneys, and to discover those additional rules of law which, although not commonly known, may readily be found by standard research techniques." (*Smith* v. *Lewis* (1975) 13 Cal.3d 349, 358 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231].)

■ Defendant's attorney clearly did not meet these standards in failing to ascertain defendant was not legally subject to the charged enhancement and to inform him of this fact in plea negotiations. Although *People* v. *Smith, supra,* was decided after defendant entered his plea,[5] it did not take *Smith* to inform counsel section 667 could not legally be applied to defendant. It is a well-established and commonly known principle of constitutional law that the prohibition against ex post facto laws forbids the application of a law " ' "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " (*Weaver* v. *Graham* (1981) 450 U.S. 24, 28 [67 L.Ed.2d 17, 22, 101 S.Ct. 960].)[6] Although the court in *Smith* had some doubt as to the applicability of the ex post facto constraint to some parts of Proposition 8,

---

[5]Defendant entered his plea on July 8, 1983. The opinion in *Smith* was filed on August 8, 1983.

[6]See also the cases cited by the Supreme Court for this proposition extending as far back as 1798. (See *Calder* v. *Bull* (1798) 3 U.S. (3 Dall.) 386 [1 L.Ed. 648].)

it had no doubt the constraint applied to section 667. (*People* v. *Smith, supra,* 34 Cal.3d at p. 261.) If this principle is not considered common knowledge among attorneys, it would be readily discoverable through standard research techniques. Accordingly, defendant's counsel should have known the enhancement was invalid.

That defendant should have been informed of this fact in plea negotiations is without doubt. Counsel has a duty to confer with his client about all available defenses of fact and of law before permitting him to plead guilty. (*People* v. *Mattson, supra,* 51 Cal.2d at p. 791.) ■ To be valid, guilty pleas must be based upon a defendant's full awareness of the relevant circumstances and the likely consequences of his action, " 'including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, . . .' " (*Brady* v. *United States* (1970) 397 U.S. 742, 748, 755 [25 L.Ed.2d 747, 756, 760, 90 S.Ct. 1463].) A guilty plea cannot be accepted unless the court is satisfied defendant voluntarily entered into it with full understanding of the nature of the charges and the consequences of pleading guilty. (*Boykin* v. *Alabama* (1969) 395 U.S. 238, 243-244 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 130 [81 Cal.Rptr. 577, 460 P.2d 449].) Here, the prosecutor's promise to dismiss the enhancement had no value whatsoever, a fact of which defendant was not aware.

■ The need for full understanding in entering a guilty plea is underscored by the rule with respect to withdrawing a plea, which allows a defendant to withdraw his plea " ' 'for mistake, ignorance or inadvertence or any other factor overreaching defendant's free and clear judgment.' ' " (*People* v. *Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 797 [114 Cal.Rptr. 596, 523 P.2d 636].) The law permits a guilty plea to be withdrawn " 'if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it.' " (*People* v. *Campos* (1935) 3 Cal.2d 15, 17 [43 P.2d 274].) "[I]t has been held that the least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient cause to permit a change of plea from guilty to not guilty." (*People* v. *McGarvy* (1943) 61 Cal.App.2d 557, 564 [142 P.2d 92].) A plea cannot stand on a serious misapprehension of the penal consequences of a plea bargain. (*People* v. *Crumpton* (1973) 9 Cal.3d 463, 468 [106 Cal.Rptr. 770, 507 P.2d 74].)

■ Accordingly, defendant's counsel did not meet the threshold standards of competency in failing to determine the enhancement was invalid and to inform defendant of this fact in the course of plea negotiations.

■ This does not end the inquiry, for *Pope* additionally requires defendant to "establish that counsel's acts or omissions resulted in the with-

drawal of a potentially meritorious defense." (*People* v. *Pope, supra,* 23 Cal.3d at p. 425.) Where counsel's failing does not result in the withdrawal of a defense, ineffectiveness may be proven by establishing "that it is reasonably probable a determination more favorable to the defendant would have resulted in the absence of counsel's failings." (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144].)

Neither standard as worded above fits squarely within the present case, for those cases resulted from trials, where it is possible to examine the record and ascertain whether counsel's failings had a prejudicial effect on the fact-finding process. In this case, defendant's guilt was determined by his own pleas, and whether he would have pled differently in the absence of counsel's failings is more difficult to ascertain.

However, the standards expressed in *Pope* and *Fosselman* are not exhaustive. As the court in *Fosselman* points out, the basic inquiry in all cases is whether defendant was prejudiced by the conduct of his attorney. (*Fosselman, supra,* 33 Cal.3d at p. 584.) ▇▇ In the present case, prejudice can be measured by determining whether counsel's acts or omissions adversely affected defendant's ability to knowingly, intelligently and voluntarily decide to enter a plea of guilty. In this respect, the standard applicable to the withdrawal of a guilty plea is helpful. In other words, if, as a result of counsel's acts or omissions, it fairly appears defendant entered his plea under the influence of "mistake, ignorance or inadvertence or any other factor overreaching defendant's free and clear judgment" such as would justify the withdrawal of his plea, he was ineffectively represented by counsel.

Defendant's ignorance of the invalidity of the enhancement is such a factor. In pleading guilty and receiving a dismissal of the enhancement, defendant avoided the possibility of having his sentence increased by a mandatory five years over a minimum possible three years. Furthermore, the record suggests the plea bargain was not highly attractive to defendant in the first place, for he moved for withdrawal on grounds unrelated to the enhancement and while still unaware of its invalidity. Moreover, the sodomy charge was dismissed for certain evidentiary problems of which defendant was made aware prior to pleading. Accordingly, it can be fairly concluded the promise to dismiss the enhancement charge was a substantial inducement in defendant's decision to plead guilty. Since the enhancement charge was invalid to begin with, the promise to dismiss it was of no value.[7]

---

[7]It is for this reason that *People* v. *Powers* (1984) 151 Cal.App.3d 905 [199 Cal.Rptr. 142] and the analogous cases cited in that opinion are distinguishable from this case. In *Powers* the defendant, who was 17 years old at the time of the killing, pled guilty to first degree murder on the condition that the special circumstances allegations would be stricken.

In pleading guilty, defendant was unaware of " ' "the actual value of . . . commitments made to him by the . . . prosecutor, or his own counsel, . . ." ' " (*Brady* v. *United States, supra,* 397 U.S. at p. 755 [25 L.Ed.2d at p. 760].) ▮ ▮▮▮ ▮ Defendant's mistaken belief, which partly motivated his pleas, was a serious misapprehension of the penal consequences of failing to plead that would justify withdrawal of the guilty pleas. (See *In re Crumpton, supra,* 9 Cal.3d at p. 468.)[8]

Accordingly, we conclude defendant was prejudiced by his counsel's failings and was denied effective assistance of counsel.

*Pope* requires that we inquire into one more matter. ▮ Once defendant reaches this point in his showing, "the appellate court must look to see if the record contains any explanation for the challenged aspect of representation. If it does, the court must inquire whether the explanation demonstrates that counsel was reasonably competent and acting as a conscientious, diligent advocate. For example, where the record shows that counsel's omissions resulted from an informed tactical choice within the range

---

Among other things, the parties all assumed that under the 1978 death penalty initiative a minor could be sentenced to life imprisonment without possibility of parole. After defendant entered his plea the California Supreme Court issued its opinion in *People* v. *Spears* (1983) 33 Cal.3d 279 [188 Cal.Rptr. 454, 655 P.2d 1289], holding that the initiative did not authorize imposing a sentence of life imprisonment without possibility of parole on minors. Defendant then moved to set aside his guilty plea on the ground, among others, that his plea had been given in exchange for an illusory benefit because a minor could not lawfully be sentenced to life without possibility of parole. Rejecting the contention that the plea bargain was illusory, the *Powers* court observed that defendant had in fact received a guarantee that "his sentence would provide for the possibility of parole no matter how the California Supreme Court eventually interpreted the 1978 death penalty initiative. In essence, appellant opted for, *and received,* certainty in hand rather than rolling the dice with two in the bush." (*Id.,* at p. 917; italics in original.) Since the ex post facto prohibition against the use of a serious felony enhancement under section 667 was never in doubt in this case, the plea bargain here was illusory.

[8]It is important to note we are not here addressing the question whether the trial court abused its discretion in denying defendant's motion to withdraw his guilty pleas. Defendant did not raise the issue of the invalid enhancement charge in his motion to withdraw. Therefore, we have no occasion on this basis to review the trial court's exercise of discretion. (See *People* v. *Sahagun* (1979) 89 Cal.App.3d 1, 26 [152 Cal.Rptr. 233].)

However, defendant is not precluded from raising the issue on appeal. Defendant was compelled to bring his motion in pro. per. because his counsel, while still representing defendant, refused to do so, believing it was not in defendant's best interests. It was improper to permit defendant to proceed in pro. per. while he was still represented by counsel and without inquiring into whether he waived his right to counsel. (See *People* v. *Mattson, supra,* 51 Cal.2d at p. 797; *People* v. *Merkouris* (1956) 46 Cal.2d 540, 554-555 [297 P.2d 999]; *Magee* v. *Superior Court* (1973) 34 Cal.App.3d 201, 213 [109 Cal.Rptr. 758].) Defendant can hardly be faulted for not raising an issue in pro. per., his ignorance of which was attributable to his counsel's failings. Moreover, the issue of the invalid enhancement is raised here in the context of a claim of ineffect ve assistance. A "waived" issue may be raised on appeal in the context of an ineffective assistance claim, and defendant may obtain reversal if he demonstrates he was denied effective assistance of counsel. (*People* v. *Fosselman, supra,* 33 Cal.3d at p. 581.)

of reasonable competence, the conviction must be affirmed. [Citation.] In contrast, where the record shows that counsel has failed to research the law or investigate the facts in the manner of a diligent and conscientious advocate, the conviction should be reversed since the defendant has been deprived of adequate assistance of counsel." (*People* v. *Pope, supra,* 23 Cal.3d at pp. 425-426.)

The present case falls squarely within the latter category. The record shows defendant's counsel failed to ascertain the invalidity of a charge which the most basic research, indeed common legal knowledge, would have revealed. To compound this failing, defendant was unaware of the invalidity of the charge when, as part of the plea bargain, the prosecutor agreed to dismiss the charge. As our Supreme Court succinctly stated, " 'There is nothing strategic or tactical about ignorance. . . .' " (*Smith* v. *Lewis, supra,* 13 Cal.3d at p. 359.)

Even where the record sheds no light on the reasons for counsel's conduct or omission, reversal is appropriate if there simply could be no satisfactory explanation. (*People* v. *Pope, supra,* 23 Cal.3d at p. 428.) ██ There could be no satisfactory explanation for counsel's failure to adequately research the law or to bring the invalidity of the enhancement to defendant's attention before permitting him to enter guilty pleas.

Defendant was deprived of the effective assistance of counsel in entering his guilty pleas, and no satisfactory reason exists for counsel's failings.

The judgment is reversed and the case remanded to the superior court. That court is directed to vacate the pleas of guilty if defendant so elects by an appropriate motion filed within 30 days of the finality of this opinion. In that event, the court is directed to reinstate the dismissed counts and then rearraign defendant for plea and to proceed to trial or make other appropriate dispositions. If no such motion is filed by defendant, the trial court is directed to reinstate the original judgment and that reinstated judgment shall stand affirmed.

Blease, Acting P. J., and Sparks, J., concurred.

A petition for a rehearing was denied April 23, 1985, and appellant's petition for review by the Supreme Court was denied May 23, 1985.