Filed 10/7/13  P. v. Giles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT THOMAS GILES,<br><br>        Defendant and Appellant. | B244724<br><br>(Los Angeles County<br>Super. Ct. No. PA073718) |

        APPEAL from a judgment of the Superior Court of Los Angeles County. Dalila C. Lyons, Judge.  Affirmed.

        Armand Tinkerian, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Eric E. Reynolds and Ana R. Durate, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Robert Thomas Giles appeals from the judgment upon his conviction for grand theft after he pled no contest to the charge. Appellant argues that he did not receive effective assistance of counsel during the negotiation phase of his plea deal. More specifically, appellant contends that his counsel: (1) failed to challenge the sufficiency of the charges; (2) failed to present evidence that could have mitigated his sentence and could have possibly resulted in a reduction of the charges against him; (3) did not file a written discovery motion; and (4) failed to file a motion to exclude appellant's incriminating statement to police. As we shall explain, there is no evidence in the record on appeal as to why counsel acted (or failed to act) in the manner which appellant complains about on appeal. Appellant has thus failed to carry his burden to prove ineffectiveness of his trial counsel. Accordingly, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

### *The Crime.*

In 2012 appellant was arrested for theft of copper wire from the Los Angeles Department of Water and Power (DWP) and damage to DWP power lines located near San Francisquito Road. DWP estimated that the total value of damage to the power lines, on the low end, was approximately $687,700 – $354,000 for labor and equipment to repair all the damage; $182,400 to replace the copper wire; $6,800 to replace the insulators; and $13,000 for megawatt hours lost due to relays on the circuit.

### *The Charges and Appellant's Plea.*

Appellant was charged with grand theft of personal property in violation of Penal Code section 487, subdivision (a) in count (1), vandalism causing damaging over $400 in violation of Penal Code section 594, subdivision (a) in count (2), and cutting a utility line in violation of Penal Code section 591, in count 3.

Prior to the preliminary hearing the prosecutor made a plea offer to appellant for a five-year term (to the charge in count 1) with victim restitution to be determined based on the evidence – at that point it appeared that it would be close to $1 million dollars. Appellant's counsel communicated the offer to appellant, who stated that he would plead

to a term of three years with no restitution.  Appellant's counter offer was presented to the prosecution at the beginning of the preliminary hearing, but was not accepted.

At the preliminary hearing, appellant's counsel made a motion to suppress appellant's incriminating statements during his interview with Detective Marino as violating his rights under *Miranda v. Arizona* (1966) 384 U.S. 436.  Counsel argued that appellant invoked his right to counsel while making his incriminating statements to the Detective, and thus the statements should be suppressed.  The court denied the motion finding that appellant's invocation of right to counsel was made after his incriminating statements, and therefore the admission of his statement would not violate *Miranda.*

At the end of the preliminary hearing, the court denied appellant's motion to dismiss, finding there was "sufficient cause to believe the following defendant guilty thereof, to wit, Robert Thomas Giles, count one, violation of Penal Code section 487 subsection (a) . . . [and] held to answer on the Penal Code section 12022.6(a)(2) . . . as to count two, violation of 594(a) and also special allegation Penal Code section 12022.6(a); also count three, violation of 591, and also special allegation of 12022.6 (a)(2) . . . ."

At a hearing on September 5, 2012, the prosecutor offered another plea deal to appellant, which the parties discussed in court.  Appellant was offered five years: consisting of a guilty plea to count 1 for a high term of three years, plus two years (one year each) for admitting two of the prison term enhancements, and a $60,000 cap on victim restitution.  The prosecutor offered to dismiss the remaining charges and allegations.  This offer would be five years with 50 percent time and local custody time, and would be served in county jail as opposed to state prison.  The prosecutor also noted in the present case his maximum exposure was approximately 12 years in state prison.

Appellant's counsel indicated that appellant might not accept the offer.  The court stated that it believed that given the possible sentence, it was a good offer.  Appellant's counsel pointed out that he had made two counter offers to the People which had been rejected: (1) "waive back time, and one-year residential live-in program" and (2) the plea to count 1 for three years in state prison.  Appellant's counsel pointed out that although appellant had an extensive criminal record, his priors were not serious nor involved a

3

history of violence, and that his prior criminal conduct was related to his "drug use." Counsel argued that appellant would benefit from some type of residential drug treatment program.

The court asked appellant if he wanted to speak to his attorney more about the bargain, so that he would understand the consequences of not accepting the plea offer. The court reminded appellant of his criminal history and his possible maximum 12 year sentence if he were to go to trial and be convicted. Appellant asked if it would be possible for the term to go down to four years, but the prosecutor said based on appellant's extensive criminal history the offer was five years.

The court again asked appellant if he wanted to speak to his attorney to make sure that he understood the matter and had sufficient time to speak with him about the consequences and benefits of accepting the plea. The court continued the proceedings so that appellant could consult with his attorney.

When the proceedings resumed, appellant's counsel indicted that appellant was willing to accept the prosecution's offer. Counsel expressed a concern about whether appellant's admission to prison priors might make him ineligible to serve his time in a local facility. Counsel stated that if he were sent to state prison he would withdraw his agreement to the plea. The court and the prosecutor agreed that it appeared that none of the priors excluded appellant from serving his time in county jail. The court then asked appellant if he understood the terms of the agreement, and if he had sufficient time to speak to counsel about the case, and the terms of the agreement. Appellant responded affirmatively, and proceeded to plead no contest to the grand theft count, and sign a felony advisement of rights, waiver and plea forms.

Appellant filed a timely notice of appeal and sought a certificate of probable cause, which was granted by the trial court.

### DISCUSSION

In this court appellant asserts that the judgment should be reversed because he received ineffective assistance of counsel. Appellant argues that counsel was ineffective during the plea negotiations.

4

### I. Appellant Failed to Establish Ineffectiveness of Counsel by Evidence Demonstrated In the Record.

Both the Sixth Amendment of the United States Constitution and Article I, Section 15, of the California Constitution guarantee the right of a criminal defendant to the assistance of counsel. (*People v. Ledesma* (1987) 43 Cal.App.3d 171, 215.) These rights grant a defendant effective assistance rather than bare assistance. (*Ibid.*)

"Where a defendant has been denied the effective assistance of counsel in entering a plea of guilty, he is entitled to reversal and an opportunity to withdraw his plea if he so desires." (*People v. Hunt* (1985) 174 Cal.App.3d 95, 104.) A defendant's guilty plea must be based upon his "full awareness of the relevant circumstances and the likely consequences of his action" to be valid. (*Ibid.*)

To prove counsel is ineffective, appellant must first show that counsel's performance fell below an objective level of reasonableness. (*Strickland v. Washington* (1984) 466 U.S. 668, 686-687.) In a criminal case, this requires counsel's "diligence and active participation in the full and effective preparation of his client's case. (*People v. Pope* (1979) 23 Cal.3d 412, 424-425 (*Pope*).) This includes the "duty to investigate carefully all defenses of fact and of law that may be available to the defendant . . . ." (*Ibid.* quoting *In re Williams* (1969) 1 Cal.3d 168, 175.)

Second, appellant must show that the deficient performance by counsel prejudiced the defense. To prove prejudice, it must be shown that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Hill v. Lockhart* (1985) 474 U.S. 52, 57 quoting *Strickland*, 466 U.S. at p. 694.) In order to demonstrate prejudice stemming from inadequate representation in advising a defendant to enter a plea, the defendant must establish a reasonable probability that but for the improper advice, he or she would not have pled guilty. (*In re Resendiz* (2001) 25 Cal.4th 230, 253) or that he could have negotiated a more favorable plea deal. (*People v. Martinez* (2013) ___ Cal.4th ___, ___ (2013 WL 4829206, p. 5) ["[B]ecause the test for prejudice considers what the defendant would have done, not what the effect of that decision would have been, a court . . . may not deny relief simply by finding it not

reasonably probable the defendant by rejecting the plea would have obtained a more favorable outcome"].)  This occurs when "counsel's acts or omissions adversely affect defendant's ability to knowingly, intelligently and voluntarily decide to enter a plea of guilty." (*People v. Hunt*, *supra*, 174 Cal.App.3d at p. 105.)  Therefore, "[i]f counsel's acts or omissions appear to result in defendant's entering a plea under the influence of 'mistake, ignorance or inadvertence or any other factor overreaching defendant's free and clear judgment' which would justify withdrawal of his plea, he was ineffectively represented by counsel." (*Ibid.* quoting *People v. McCary* (1985) 166 Cal.App.3d 1, 10.)

Appellant has the burden of proving inadequate trial assistance. (*Pope*, *supra*, 23 Cal.3d at p. 425.)  Moreover, "unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." (*Ibid.*)

Appellant claims he did not receive effective assistance of trial counsel.  Appellant claims instances of his trial counsel's ineffectiveness include: (1) failure to present mitigating evidence, including appellant's status as a veteran, which would have made him eligible for alternative sentencing or residential treatment; (2) failure to challenge the evidence supporting the charge of grand theft and failure to argue that he should have been charged with a lesser offense; (3) failure to file a formal discovery motion; and (4) failure to file a motion to exclude appellant's incriminating statements to police.

The record before this court on appeal does not demonstrate why appellant's trial counsel did not take the complained of actions.

When an appellant seeks to establish a claim of ineffectiveness of counsel on matters not disclosed by the record on appeal, a petition for writ of habeas corpus is the appropriate procedure. (*People v. Pope, supra,* 23 Cal.3d at p. 426, fn. 17, see also *Ledesma, supra*, 43 Cal.App.3d at pp. 218-219 [holding that although the record raised serious doubts about counsel's competence, it was not sufficient to demonstrate ineffective assistance, however, a consolidated habeas corpus petition did reveal inadequate performance.])  A petition for habeas corpus extends far beyond the record on appeal, while an appeal is limited to the four corners of the underlying record. (*People v.*

6

*Waidla* (2000) 22 Cal.4th 690, 749, fn. 1.) In habeas proceedings the defendant has an opportunity to obtain and present evidence from trial counsel outside of the record to "fully describe his or her reasons for acting or failing to act in the manner complained of." (*People v. Pope, supra*, 23 Cal.3d at p. 426.) Permitting the trial attorney an opportunity to explain puts courts in a position to "intelligently evaluate whether counsel's acts or omissions were within the range of reasonable competence." (*Ibid.*) Thus, a claim for ineffective assistance of counsel must be rejected when "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged." (*Ibid.*) In such cases, "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the case is affirmed on appeal. (*Ibid.*)

In *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266, Mendoza Tello was convicted for possession of cocaine. A deputy pulled Mendoza Tello over when he saw him light a marijuana cigarette. (*Ibid.*) He consented to a search of the car, and the officer proceeded to do a pat down as he felt this was necessary for officer safety. (*Ibid.*) Before the pat down began, a vile of cocaine fell from Mendoza Tello's pocket. (*Ibid.*) On appeal, he argued that his counsel was ineffective for not making a motion to suppress the evidence. (*Ibid.*) The court found nothing in the record to suggest why counsel failed to move to suppress the evidence, "because the legality of the search was never challenged or litigated, facts necessary to a determination of that issue are lacking." (*Ibid.* quoting *People v. Cudjo* (1993) 6 Cal.4th 585, 627.) It concluded that "an appellate court should not declare that a police officer acted unlawfully, suppress relevant evidence, set aside a jury verdict, and brand a defense attorney incompetent unless it can be truly confident all the relevant facts have been developed and the police and prosecution had a full opportunity to defend the admissibility of the evidence." (*People v. Mendoza Tello, supra,* 15 Cal.4th at p. 268.)

Similar to the *Mendoza Tello* case, there is nothing in the record on appeal to show why counsel did or did not act in the manner appellant complains about on appeal. The record does reflect that appellant's trial counsel did seek to obtain a better plea bargain

7

for appellant by arguing that his prior criminal record was not serious and that his prior criminal conduct was the result of his drug abuse. He also sought to ensure that appellant would not serve time in state prison.[1] Nonetheless, the record is silent about the alleged failings of counsel at issue on appeal. Perhaps his counsel took the actions at issue, or perhaps as a matter of trial strategy counsel decided against pursuing such actions. Maybe counsel acted without good reason. Because the record on appeal is silent, we simply do not have sufficient evidence before us to determine these matters one way or the other, and therefore appellant's appeal must be rejected. Appellant failed to carry his burden of proving his counsel was ineffective on appeal. Appellant's ineffective assistance of counsel claim is more appropriately presented in a habeas corpus proceeding in which appellant could present any additional evidence outside the record to establish his claim.[2]

_____

[1]    In addition, as noted elsewhere, at least with respect to the motion to suppress the incriminating statements to the sheriff's detective, it appears that counsel did make an effort to have that evidence deemed inadmissible. The matter was argued during the preliminary hearing, and the court rejected appellant's assertion that the statements were obtained in violation of his constitutional rights. Appellant has not presented any convincing argument as to why his counsel was incompetent for failing to raise the issue again, as it is not likely he would have obtained a more favorable result as to that matter.

[2]    Subsequent to filing the present appeal, appellant filed a separate petition for a writ of habeas corpus in this court asserting his counsel was ineffective on the same grounds as asserted on appeal. This court summarily denied the petition because appellant failed to present any evidence from his trial counsel about his representation of appellant in the trial court, nor did appellant indicate that he made any effort to contact his trial counsel to obtain an explanation of his conduct. Moreover, the only evidence that he did present in support of the petition, specifically his declaration and that of his girlfriend, did not shed light on why counsel acted or failed to act in the manner challenged.

*DISPOSITION*

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**                                         **SEGAL, J.***

---

*Judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.