Filed 7/22/16  P. v. Iuli CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID TAVITA IULI, JR.,<br><br>    Defendant and Appellant. | D069418<br><br><br><br>(Super. Ct. No. SCD261791) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael S. Groch, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

Prior to the preliminary examination, David Tavita Iuli, Jr., entered a guilty plea to one count of battery with serious bodily injury (Pen. Code,[1] § 243, subd. (d)).  Under the plea agreement the more serious, remaining charge and allegation were dismissed.  The prosecution agreed not to oppose probation and the court indicated it would consider a 180 day "lid" on local custody as a condition of probation.  The prosecution offered no opposition to reduction to a misdemeanor after two years of successful probation.

At the time of sentencing the trial court denied Iuli's motion to withdraw his guilty plea and denied his motion to reduce the offense to a misdemeanor.  Thereafter the court granted him five years of formal probation, subject to 160 days in jail.

Iuli filed a timely notice of appeal and obtained a certificate of probable cause (§ 1237.5).

After the plea, but before sentencing, the parties engaged in substantial efforts to learn the extent of the victim's injuries.  At the time of the plea and in Iuli's mitigation document there was a focus on how severe the injuries were.  In the meantime, the probation officer filed a report recommending 180 days in jail as a condition of probation.  At about that time Iuli filed a motion to withdraw his plea.  He contended in the trial court, and now on appeal, that he had been mistaken as to how severe the victim's injuries were.  He contends he thought the victim had a broken lower jaw, but learned that it was the upper jaw that was broken.  Thus, Iuli argues that such injury could have been caused by a single blow and therefore he might have been more likely to

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

2

establish a self-defense claim, notwithstanding that two witnesses said Iuli had struck the victim multiple times. The trial court found Iuli had not carried his burden to establish good cause to withdraw the plea.

After reviewing the record, we are satisfied Iuli did not demonstrate good cause by clear and convincing evidence that his plea was a product of mistake. We will find no abuse of discretion and affirm the judgment.

## STATEMENT OF FACTS

In the early morning hours on April 11, 2015, Iuli and his friend, John Arce, got into a taxi cab for a ride home. The trip ended with a physical altercation between Iuli and the driver, Morteza Farahani.

When the driver stopped the cab, Iuli, who was angry, struck the driver in the head numerous times. As the confrontation continued, Arce and Iuli pulled the driver out of the cab by his legs. The driver hit his head on the pavement and Iuli kicked the driver in the head.

In an interview with police, Arce confirmed Iuli hit the driver from behind while the cab was still moving. Arce also said Iuli hit the driver multiple times. The driver suffered "a fractured nose and jaw."

## DISCUSSION

As we have discussed, the claim Iuli made below and repeats in this court, is that he thought the term "broken jaw" referred to the lower jaw, which would have required more than a single blow to break. When he discovered it was the upper portion of the jaw, which is more fragile, that was broken he realized he could possibly construct a self-

3

defense claim based on a single blow. There are, however, some significant baselines we must consider. First, Iuli did not testify, nor did he submit a declaration as to his mental state at the time of the guilty plea. We also know the trial court had expressed the view at the time of the plea that it reserved the right to vacate the plea if at sentencing it was demonstrated that the sentence agreed to was not fair and just. It is also clear in the record nothing was withheld from the defense. The defense and the prosecution engaged in efforts following the plea to determine the exact nature of the victim's injuries, which would certainly have been a factor in sentencing. Finally, we know the probation officer recommended the maximum available local custody as a condition of probation. It is in this context that we will discuss the merits of the appeal.

## A. Legal Principles

In *People v. Archer* (2012) 230 Cal.App.4th 693, 702 (*Archer*), the court observed: "A trial court may allow a defendant to withdraw his or her guilty or no contest plea under section 1018 for good cause shown by clear and convincing evidence." The court also observed, however that a defendant may not withdraw the plea simply because the person has changed his or her mind.

Where the defendant claims a mistake of fact exists, the defendant must show that absent the mistake the person would not have accepted the plea bargain. (*People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1097; *People v. Kunes* (2014) 231 Cal.App.4th 1438, 1443.)

In reviewing the trial court's decision, we accept the trial court's factual findings if supported by substantial evidence. The trial court's decision to grant or deny the motion

4

is reviewed under the abuse of discretion standard.  (*Archer, supra*, 230 Cal.App.4th at p. 702.)

### B.  Analysis

The nub of this issue is that Iuli claims his guilty plea was based on a mistake of fact.  If the lower jaw was broken, he would be less likely to have a self-defense theory based on a single blow.  He acknowledges the blow, or blows established both battery and serious bodily injury.  However, the 270-pound Iuli conceivably could have caused the injury with a single blow.  He dismisses both the victim's statements and those of his companion that Iuli struck the victim multiple times.  Importantly, there is no evidence in this record from Iuli.  We have defense counsel's declaration, but that does not show what Iuli's state of mind might have been.

Iuli relies on two cases, among others, to the effect it was an abuse of discretion to deny the motion where there has been a mistake of fact, *People v. McCary* (1985) 166 Cal.App.3d 1, 9, and *People v. Ramirez* (2006) 141 Cal.App.4th 1501, 1506-1508.  Neither case is persuasive on the facts of this case.

In *People v. McCary*, *supra,* 166 Cal.App.3d 1, defense counsel provided ineffective assistance of counsel in failing to determine the inapplicability of an alleged enhancement.  In *People v. Ramirez, supra*, 141 Cal.App.4th 1501, the prosecution failed to turn over exculpatory information.  Those cases are not relevant to the analysis in this case.  Here there was full disclosure, but because of the early stage at which the plea occurred, both sides were seeking more information as to injuries.  Such steps were essential to how both sides would present their sentencing arguments.  At base, however,

5

there is no doubt that the blow, or blows struck by Iuli caused a broken upper jaw and injury to the victim's nose, all of which plainly establishes the elements of the offense.

The trial court carefully reviewed the motion and declaration, which as we have noted, did not include anything from Iuli.  The prosecution's argument based upon the timing and the probation report was that the motion was "buyer's remorse."  The trial court did not make an express finding on the prosecution's argument, but did clearly state the defense did not meet its burden of showing good cause by clear and convincing evidence.

We are satisfied the trial court did not abuse its discretion in denying the motion to withdraw the plea.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

PRAGER, J.*

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6