Filed 6/25/15  P. v. Sanchez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073886 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF085927, CRF101266) |
| v. | |
| FABIAN ANDY SANCHEZ, | |
| Defendant and Appellant. | |

This case returns after our 2012 reversal of defendant Fabian Sanchez's convictions for burglary, petty theft with a prior, and prowling based on the ineffective assistance of his trial counsel.  On remand, defendant pled no contest to first degree burglary (Pen. Code, § 459)[1] with a special allegation that the dwelling was occupied during the commission of the burglary (§ 667.5, subd. (c)(21)), petty theft with a prior

---

[1] Further undesignated statutory references are to the Penal Code.

1

(§§ 484, subd. (a), 490.5, subd. (a),[2] 666, subd. (b)) and misdemeanor prowling (§ 647, subd. (h)). He admitted a prior strike conviction and prior serious felony. (§§ 667, subds.(a)(1), (c), (e)(1).) His plea was deemed an admission of a violation of probation in another burglary case. The trial court sentenced him to an aggregate term of 14 years and four months and later granted his request for a certificate of probable cause (§ 1237.5).

On appeal, defendant again challenges the adequacy of his legal representation, contending: (1) his second counsel had a conflict of interest and the trial court erred in not replacing her; (2) the People must re-offer him the original plea offer of eight years and four months; and (3) counsel provided ineffective assistance. Although we find much of the procedural history in this case troubling, as we detail *post*, we conclude that defendant has failed to show prejudicial error. Accordingly, we must affirm.

## BACKGROUND

We granted the People's request to take judicial notice of the record in defendant's prior appeal, case No. C066742. We borrow liberally from our previous opinion in that case. (*People v. Sanchez* (Aug. 30, 2012, C066742) [nonpub. opn.] (*Sanchez*).)

*2010 Proceedings*

"Prior to the preliminary hearing, defendant was offered a plea deal to resolve both the burglary and probation violation cases. Defendant would plead to the burglary and admit the occupied dwelling and prior serious felony conviction enhancements. The People would dismiss the prior strike allegation. Defendant would be sentenced to an aggregate term of eight years and four months, consisting of a low term of two years on

---

[2] As we discuss in more detail *post*, the amended information erroneously charged (and defendant pled no contest to) count 2 as a violation of section 490.5 (shoplifting) rather than section 488 (regular petty theft). At sentencing, in the presentence report, and in the abstract of judgment, count 2 was treated as if properly charged.

the burglary conviction, plus five years for the prior serious felony enhancement and 16 months on the separate probation violation. The offer was to remain open until the preliminary hearing. Defendant rejected the plea. During the preliminary hearing, defense counsel argued defendant should not be held to answer on the burglary charge, because even though the surveillance video showed him briefly entering the garage it could not be inferred he intended to steal from the garage, only that he intended to commit theft from the vehicle." (*Sanchez, supra,* C066742, slip opn. at p. at *2.)

At trial, defense counsel conceded the video surveillance of the burglary established defendant had committed the petty theft from the truck and the prowling offenses. Counsel argued that although defendant went into the garage, he was there only a few seconds and did not take anything, and there was no evidence he had the intent to steal from the garage. (*Sanchez, supra,* C066742, slip opn. at p. at *2.)

A jury found defendant guilty of all counts and found the special allegation attached to the burglary count true. In bifurcated proceedings, the court found the prior conviction allegation true. The trial court sentenced defendant to an aggregate term on both cases of 14 years and four months in prison. (*Sanchez, supra,* C066742, slip opn. at p. at *3.)

On appeal, we found defense counsel rendered ineffective assistance. "The record here establishes that from the earliest stages of the proceedings and throughout, defense counsel was operating under a misapprehension of the intent required for burglary. Specifically, counsel wrongly believed defendant had to have intended to enter the garage with the intent to commit a theft or felony within the garage. Counsel rested his defense on this erroneous view of the law. As a result, his defense counsel effectively argued defendant was guilty of burglary." (*Sanchez, supra,* C066742, slip opn. at p. at *4.) "[A]s a direct result of counsel's misunderstanding of the law, he argued a legal theory that was unsupported by the law on the intent required for burglary. He also failed to

3

argue an identity defense, a defense that could be supported by the evidence." (*Id*. at p. *5.)

We concluded defendant was not provided effective assistance of counsel and no "true adversarial criminal trial was conducted." (*Sanchez, supra,* C066742, slip opn. at p. *5.) Accordingly, we reversed the conviction and remanded for further proceedings. (*Id*. at p. *6.)

*2012-2013 Proceedings*

On remand, the People moved to amend the information; the amendment charged defendant in count 2 with a felony violation of "Sections 484(a), 490.5(a), and 666(b) of the California Penal Code, PETTY THEFT OF RETAIL MERCHANDISE WITH PRIOR CONVICTION." The original information had charged felony petty theft as well, but as a violation of sections 484, subd. (a), *488*, and 666. The trial court granted the motion to amend; defense counsel did not object to the amendment.

On December 3, 2012, at defendant's first appearance in court, assistant public defender Richard Van Zandt--who had represented defendant in the first trial--told the court he had spoken with defendant and there was "not going to be a resolution" to the case. The case was set for a jury trial. Shortly thereafter, Van Zandt was replaced by another assistant public defender, his supervisor Sally Frederickson.

At a March 1, 2013, pretrial hearing to set an early disposition conference defense counsel put on the record and defendant confirmed that he was "not interested" in the original offer of eight years, four months. The People clarified that they were not currently offering eight years four months, and that was not their current position as to how the case should resolve.

On March 27, 2013, defendant moved for substitute counsel. Fredericksen and the Public Defender, Tracie Olson, were present. Defendant first objected that Fredericksen had supervised Van Zandt, and therefore Van Zandt's inadequacy could be attributable to her. In response, Fredericksen claimed Van Zandt was very experienced and she did not

4

recall discussing the case with him. Defendant's primary complaint was that Fredericksen had been unable to get him a plea deal and he was willing to resolve the case. He explained he had been offered an eight-year deal before the first trial, but he did not take it because his attorney told him they "could beat the case." Defendant said he declined the offer without knowing that his attorney "wasn't knowledgeable on the law." Defendant said he had understood he was going to be appointed a conflict of interest attorney.

Fredericksen responded that defendant was "dissatisfied with my inability to get an offer that I cannot get." She explained she was limited in her ability to reduce defendant's sentence due to the charges, especially the prior serious felony, and the violation of probation in a prior burglary case. The court agreed with her assessment, telling defendant: "The fact that you may have been offered something way back when in the beginning and your attorney advised you not to take it at the time, and you're saying, gee, that's kind of unfair, and I think I might agree with you, but I don't think it has any legal consequence." The court explained defense counsel could not control any plea offers by the district attorney. The court denied defendant's motion.

The People made a new offer of 12 years. Defense counsel advised defendant to reject that offer; she proposed a counteroffer of 10 years four months. Defendant eventually agreed to plead no contest to all the charges, and to admit the prior conviction allegations and the violation of probation, with the understanding his sentence would be between 10 years four months and 14 years 4 months. The plea form advised defendant that his "maximum exposure" was 18 years and four months in state prison. Counsel stipulated to a factual basis for the plea based on the court's assertion it had conducted the prior trial. The trial court sentenced defendant to an aggregate term of 14 years and four months.

5

## DISCUSSION

## I

### *Conflict of Interest*

Defendant first contends the trial court erred in not granting his motion to replace Fredericksen because she had a conflict of interest due to her loyalty to Van Zandt, an attorney in the same office and under her supervision. He contends this conflict adversely affected her performance because she failed to ask the court to order the People to re-offer the original plea offer of an eight-year, four-month sentence.

"A criminal defendant is guaranteed the right to the assistance of counsel by the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution. This constitutional right includes the correlative right to representation free from any conflict of interest that undermines counsel's loyalty to his or her client. [Citations.] 'It has long been held that under both Constitutions, a defendant is deprived of his or her constitutional right to the assistance of counsel in certain circumstances when, despite the physical presence of a defense attorney at trial, that attorney labored under a conflict of interest that compromised his or her loyalty to the defendant.' [Citation.] 'As a general proposition, such conflicts "embrace all situations in which an attorney's loyalty to, or efforts on behalf of, a client are threatened by his responsibilities to another client or a third person or his own interests. [Citation.]" ' [Citation.]" (*People v. Doolin* (2009) 45 Cal.4th 390, 417 (*Doolin*).)

Claims of Sixth Amendment violations based on conflicts of interest are a category of ineffective assistance of counsel claim that "generally require a defendant to show (1) counsel's deficient performance, and (2) a reasonable probability that, absent counsel's deficiencies, the result of the proceeding would have been different. [Citation.] In the context of a conflict of interest claim, deficient performance is demonstrated by a showing that defense counsel labored under an actual conflict of interest *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties.'

6

[Citations.] '[I]nquiry into actual conflict [does not require] something separate and apart from adverse effect.' [Citation.] 'An "actual conflict," for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance.' [Citation.]" (*Doolin, supra,* 45 Cal.4th at pp. 417-418.)

The only articulated adverse effect of the alleged conflict on Fredericksen's performance is her failure to ask for an order requiring the People to re-offer the eight-year, four-month plea deal. We next decide whether that failure was deficient performance.

## II

### *Right to Re-Offer of Previous Plea Offer*

Defendant contends he is entitled to receive the plea offer that was made in 2010. "He contends this is the only remedy that can properly redress the original deficient performance of counsel in the first case, and this is the remedy he should have been afforded after the case was remanded to the trial court after the first appeal." Defendant initially ignored both the discretionary nature of this remedy and the showing required to obtain it. We requested and received supplemental briefing from the parties addressing these issues.

A. *The Law*

"Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. [Citations.] During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.' [Citation.]" (*Lafler v. Cooper* (2012) 566 U.S. ___ [182 L.Ed.2d 398, 406] (*Lafler*).) Ineffective assistance during plea negotiations is not cured by a subsequent trial that is free from constitutional flaw. (*Id.* at p. __ [182 L.Ed.2d at p. 411].)

In the context of a defendant rejecting a plea offer, to establish a claim of ineffective counsel, a defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that it is reasonably probable that, "but

7

for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." (*Lafler, supra,* 566 U.S. ___ [182 L.Ed.2d at p. 407]; see also *Missouri v. Frye* (2012) 566 U.S. ___ [182 L.Ed.2d 379, 392]; *People v. Alvernaz* (1992) 2 Cal.4th 924, 936-938 (*Alvernaz*).)

Once defendant has established that ineffective assistance of counsel caused him to reject the plea offer, the trial court must fashion an appropriate remedy. The "remedy must 'neutralize the taint' of a constitutional violation, [citation], while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." (*Lafler, supra,* 566 U.S. at p. ___ [182 L.Ed.2d at p. 411].) Where, as here, the "offer was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge's sentencing discretion after trial . . . the proper exercise of discretion to remedy the constitutional injury *may be* to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." (*Lafer, supra,* 566 U.S. at p. ___ [182 L.Ed.2d at p. 412], italics added.)

B. *Analysis*

Defendant meets the initial prerequisite for the remedy of renewal of the previous plea offer. The record is clear that both defendant's conviction and sentence were harsher under the judgment and sentence actually imposed than they would have been under the terms of the original plea offer. Under the original plea offer, defendant would have pled only to the burglary charge, the prior strike allegation would have been

8

dismissed, and the trial court would have sentenced defendant to an aggregate term of eight years four months. Instead, after the first trial and on remand after his plea to all counts, the trial court found the strike prior true and sentenced him to an aggregate term of 14 years and four months.

To have the opportunity to receive this remedy, a matter ultimately within the trial court's discretion, defendant first had to show ineffective assistance of counsel with respect to his rejection of the plea offer in 2010. The question is whether counsel was ineffective in failing to attempt that showing on remand. As we explain, we conclude she was not.

Defendant contends counsel was ineffective (due to a conflict of interest) in failing to make the requisite showing to obtain a second chance at the original plea offer. The record, however, provides a different explanation for counsel's failure to act. Counsel may not have sought the remedy provided by *Lafler* simply because defendant had indicated multiple times that he did not want it. At the outset, Van Zandt reported that after speaking with defendant, there would be no resolution of the case. Later, Fredericksen *and defendant* confirmed on the record that defendant was "not interested" in the original plea offer.

Although defendant asserts that when he moved for substitute counsel, he argued "that Fredericksen had not assisted him to obtain the original plea offer from 2010," the record does not support his assertion. Defendant was clearly upset that Fredericksen had not been able to obtain a plea offer other than an offer of 13 years which he rejected-- "That's not a deal." He referred to the previous offer of eight years and indicated he was willing to resolve the case, but he never said he wanted *the previous offer*. In fact, the record suggests defendant was hoping for an even *better* offer. Later in the hearing, defendant said he understood that the five-year prior and strike would result in a nine-year sentence and seemed to indicate that was not acceptable. He suggested asking the judge to strike his strike, and indicated that was how the eight-year offer was reached.

9

He then calculated this new sentence as two years for the burglary and a year and a half for the violation. "That's all." He made no mention of the five-year prior or the theft charge; he appears to have been hoping for a three-year, six-month sentence. This is consistent with his previous statement to probation that if "given the chance he would have accepted a *four year* prison term." (Italics added)

Defendant's ambiguous statements at the hearing on his motion for substitute counsel, particularly in light of his earlier express rejection of the prior plea deal, were insufficient to signal to counsel that she should try to obtain the prior offer by seeking relief under *Lafler*. Further, even assuming for the sake of argument that defendant's statements at the hearing constituted a request for the prior plea offer, the record does not show why, at that point, counsel did not seek a *Lafler* remedy. If the record does not show why counsel failed to act in the manner challenged, we must affirm the judgment unless there simply could be no satisfactory explanation for counsel's conduct. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Defendant has not shown that counsel was ignorant of or misunderstood the law.[3] Indeed, by putting defendant's lack of interest in the prior offer on the record, counsel earlier had signaled that resurrecting the prior offer had been considered and rejected. Thus there *could* be a satisfactory explanation for counsel's failure to act to request a *Lafler* remedy at the *Marsden* hearing.

Making the necessary showing for a *Lafler* remedy was, to say the least, an uphill battle. While we previously found Van Zandt's representation ineffective, we made no

---

[3] We recognize that some of the court's comments at the hearing could be construed as counseling defendant contrary to *Lafler*. Defendant has not cited to--and we are unaware of--any authority that a court has a duty to hold *sua sponte* an evidentiary hearing to determine whether the People should be ordered to re-offer a previous plea offer. Here, the ongoing event was a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal. 3d 118); no other motion was pending. No party was asking the court to do anything other than determine whether Fredericksen could effectively represent defendant given the allegation of conflict.

such finding as to his advice to defendant about the plea.  At the hearing, defendant stated that he rejected the original plea offer of eight years and four months based on counsel's advice.  This alone is insufficient.  "[A] defendant's self-serving statement--after trial, conviction, and sentence--that with competent advice he or she *would* have accepted a proffered plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence." (*Alvernaz, supra*, 2 Cal.4th at p. 938.)  Defendant offers no such objective evidence.  As we have described, his statements subsequent to the original plea offer *undercut* his claim that he would have accepted the plea if advised properly.  Further, the plea offer expired at the preliminary hearing, so defendant would have had to accept it promptly to benefit.

Even if defendant cleared these hurdles, there is still the matter of the court's discretion to order renewal of the plea offer, and its discretion to accept the plea or leave the conviction undisturbed.  (*Lafler, supra,* 566 U.S. ___ [182 L.Ed.2d at pp. 411-412].) Given the considerable discretion vested in the trial court, whether defendant would have received the *Lafler* remedy is speculative.  This speculative nature makes the failure to act to obtain the remedy similar to the failure to move for a mistrial.  It is "a rare case in which the merits of a mistrial motion were so clear that counsel's failure to make the motion would amount to ineffective assistance."  (*People v. Haskett* (1982) 30 Cal.3d 841, 854.)  As explained, the merits of defendant's *Lafler* motion were hardly clear.

Given the difficulty facing counsel in moving for a *Lafler* remedy, counsel may have made a tactical decision that the best chance for a lower sentence was to have defendant "plead to the sheet" and then try to convince the sentencing court to impose the lower term.  In the context of evaluating the effectiveness of counsel's representation, we

11

will not second guess counsel's tactical decisions.[4]  (*People v. Avena* (1996) 13 Cal.4th 394, 444.)  "[E]ven 'debatable trial tactics' do not 'constitute a deprivation of the effective assistance of counsel.'  [Citation.]"  (*People v. Miller* (1972) 7 Cal.3d 562, 573.)

Defendant has failed to show ineffective assistance of counsel in the failure to seek a *Lafler* remedy.  Therefore, he has failed to show an actual conflict of interest requiring the appointment of another attorney.  The trial court did not err in denying defendant's motion for substitute counsel.

III

*Other Claims of Ineffective Assistance of Counsel*

Defendant raises two other claims of ineffective assistance of counsel.  He contends counsel was ineffective in failing to object to the amendment of the information, changing count 2 from regular petty theft with a prior to shoplifting with a prior, although there was *no* evidence that defendant stole *retail* merchandise, and in permitting him to plead no contest to that offense.  Second, he contends counsel was ineffective in failing to advise defendant that the maximum sentence under the new plea offer was also the maximum he could receive if he rejected the offer and went to trial.

There are two elements to an ineffective assistance claim:  (1) deficient performance, and (2) prejudice resulting from such deficient performance.  (*People v. Weaver* (2001) 26 Cal.4th 876, 961.)  "In considering a claim of ineffective assistance of counsel, it is not necessary to determine ' "whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be

---

[4]  We note, however, that the trial court had the opportunity to sentence defendant to 10 years, four months in prison under the plea agreement and declined to do so, instead again imposing the 14-year, four-month sentence.

followed." ' [Citations.] It is not sufficient to show the alleged errors may have had some conceivable effect on the trial's outcome; the defendant must demonstrate a 'reasonable probability' that absent the errors the result would have been different. [Citations.]" (*People v. Mesa* (2006) 144 Cal.App.4th 1000, 1008.)

A. *Failure to Object to Section 490.5 Amendment*

On remand, the People moved to amend the information due to changes in the law on petty theft with a prior. Although the petty theft charge (count 2) clearly addressed defendant's theft from a parked car, inexplicably, the amendment replaced the petty theft section (§ 488) with the new shoplifting section (§ 490.5, subd. (a)) in count 2. There was no evidence to support shoplifting. Nonetheless, defendant pled no contest to count 2 as "petty theft of retail merchandise with a prior conviction."

It appears someone noticed the error before sentencing. Although the record is silent as to the correction, defendant was sentenced on count 2 as "Penal Code Section 484(a), 488, 666, petty theft with a prior." He received two years, doubled due to his strike to four years, and then stayed pursuant to section 654. The abstract of judgment and the probation report show the same correction, replacing section 490.5 with section 488.

Defendant contends he was prejudiced by counsel's failure to object to the amendment, because he is now "precluded from objecting." In his reply brief, defendant contends he is prejudiced because part of the record, the transcript of the plea, is incorrect and its accuracy "may be extremely relevant if he ever faces future theft charges." He fails to explain how the error might be relevant, and does not contend his sentence would have been different absent the error. Count 2 was originally charged as petty theft with a prior, and that is the charge supported by the record and ultimately the charge reflected by defendant's record of conviction. Although sloppy, we do not see that the error in the amendment and plea made any significant difference to defendant's crimes of conviction and sentence. Nor has defendant pointed us to any even arguably significant difference.

13

We do not condone the carelessness in failing to correct the error in the amended information on a timely basis, before the plea was taken. However, defendant has failed to show prejudice as required to establish ineffective assistance of counsel.

B. *Advisement on Plea*

Defendant contends counsel misadvised him regarding his potential sentence when he was deciding whether to accept the plea offer. He contends she failed to advise him that the maximum sentence under the plea offer was the maximum he could receive if he rejected the plea offer and went to trial. Further, the plea agreement shows he was incorrectly advised that his maximum exposure was 18 years, four months.

Under double jeopardy principles, defendant could not have been subjected to a sentence greater than that imposed in 2010; that is, 14 years and four months. *(People v. Henderson* (1963) 60 Cal.2d 482, 497; *People v. Craig* (1998) 66 Cal.App.4th 1444, 1448.) He should have been so advised. Again, we consider whether defendant has shown prejudice from this mistake. Where defendant claims counsel failed to advise him properly as to a plea, to establish prejudice he must demonstrate that he would not have entered the plea of guilty had he been given the proper advisement. (*In re Moser* (1993) 6 Cal.4th 342, 352.)

In *People v. McCary* (1985) 166 Cal.App.3d 1, the defendant was offered a plea that dismissed a section 667 enhancement. We found counsel deficient in failing to advise the defendant that section 667 could not be applied to him. (*McCary,* at p. 9.) We found prejudice because the record suggested the plea offer was not very attractive to the defendant as he moved to withdraw his plea while unaware of the invalidity of the enhancement, and there were evidentiary problems with one count. (*Id*. at p. 10.) We concluded the "promise to dismiss the enhancement charge was a substantial inducement in defendant's decision to plead guilty. Since the enhancement charge was invalid to begin with, the promise to dismiss it was of no value." (*Ibid*., fn. omitted.)

14

In *People v. Johnson* (1995) 36 Cal.App.4th 1351 (*Johnson*), the defendant accepted a plea offer of 20 years, but he had been misadvised that his maximum exposure was 38 years, when it was only 27 years. Relying on *McCary*, the court found deficient performance and prejudice. (*Id.* at pp. 1357-1358.) "Similarly, in the instant case, it can be fairly concluded that the failure of defendant's counsel to correctly advise him of his maximum potential sentence was a substantial inducement in his decision to plead nolo contendere. By accepting the plea bargain, defendant believed he may have cut his sentence almost by half, from a potential 38 years to 20, which under any circumstances would be a powerful inducement to plead. Even so, as was true in *McCary*, defendant had reservations about the wisdom of entering the plea bargain as was demonstrated by his attempt to withdraw the plea on other grounds." (*Id.* at p. 1358.) In addition, counsel appointed to assist the defendant in withdrawing his plea also failed to notice the error, and the defendant had filed a declaration stating he would have rejected the plea if he had known his true maximum sentence. (*Ibid*.)

Here, by contrast, there is no evidence that defendant had reservations about the wisdom of entering the plea bargain; he did not claim that trial counsel coerced him into accepting a plea bargain, and he did not demonstrate unhappiness with the plea by attempting to withdraw it before sentencing. (See *Johnson, supra*, 36 Cal.App.4th at p. 1358.) Defendant has not even claimed, much less pointed us to any evidence supporting the claim, that the improper advice as to the maximum term played *any part* in his decision to accept the plea offer. He merely asserts cursorily and without supportive authority that counsel's misadvisement rendered his plea "unknowing and unintelligent." Defendant has failed to show prejudice.

15

## DISPOSITION

The judgment is affirmed.


                                                _____DUARTE_____, J.


We concur:


_____BUTZ_____, Acting P. J.


_____MAURO_____, J.